UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONGREGATION RABBINICAL COLLEGE  :
OF TARTIKOV, INC., RABBI MORDECHAI :
BABAD, RABBI WOLF BRIEF, RABBI :
HERMEN KAHANA, RABBI MEIR :      CIVIL NO. 7:07-CV-6304 (KMK)
MARGULIS, RABBI GERGELY NEUMAN, :
RABBI MEILECH MENCZER, RABBI :
JACOB HERSHKOWITZ, RABBI CHAIM :
ROSENBERG, RABBI DAVID A. MENCZER, :
RABBI ARYEH ROYDE and KOLEL BELZ :
OF MONSEY, :
                                  :
                                  :
        Plaintiff,                :
                                  :
V.                                :
                                  :
VILLAGE OF POMONA, NY; BOARD OF   :
TRUSTEES OF THE VILLAGE OF        :
POMONA, NY; NICHOLAS SANDERSON,   :      DECEMBER 11, 2013
AS MAYOR; IAN BANKS as Trustee and in :
his official capacity, ALMA SANDERS :
ROMAN as Trustee and in her official capacity, :
RITA LOUIE as Trustee and in her official :
capacity, and BRETT YAGEL, as Trustee and :
in his official capacity,         :
                                  :
        Defendant.                :

**DEFENDANTS'  AMENDED RESPONSES TO CERTAIN OF PLAINTIFFS'
SECOND SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33 and the Court's order of December 4, 2013, the Defendants

herein amend their responses to Numbers 4 ,6 and 27 of the  Plaintiffs' Second Set of

Interrogatories dated July 1, 2013.  Except as otherwise noted or ordered by the Court,

Defendants hereby incorporate all previous responses and objections to these interrogatories.

GENERAL OBJECTIONS

The Defendants object to these Interrogatories to the extent they exceed the permissible scope of interrogatories issued at the commencement of discovery pursuant to Local Rule of Civil Procedure 33.3(a) and in accordance with Local Rule of Civil Procedure 33.3(b) to the extent they are not the more practical method of obtaining the information sought than a request for production or a deposition.

The Defendants also object to these Interrogatories to the extent they seek to require the production of documents. Such requests are appropriately made through requests for production.

The Defendants also object to Interrogatories that are contention interrogatories, which are premature at this time pursuant to Local Rule of Civil Procedure 33.3(c) and the April 17, 2013 Scheduling Order in this matter.

In addition, Defendants object to Plaintiffs' Interrogatories to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges.

The Defendants further object to the Interrogatories related to any relationships, facts, systems, documents, or data created or modified after December 31, 2007, as such materials are beyond the scope of this lawsuit as narrowed by the Court's Memorandum of Decision dismissing Plaintiffs' as-applied challenges. Accordingly, any materials that do not relate to the motivation for, drafting of, or amendments to the relevant ordinances— which were last amended in 2007—are not reasonably calculated to lead to the discovery of admissible evidence and are beyond the scope of the complaint.

Finally, Defendants object to the Interrogatories to the extent they are overly broad, vague, ambiguous, unduly burdensome, and/or oppressive.

These objections are expressly incorporated by reference into each of Defendants' responses and each subpart, as in set forth fully therein, as applicable.

## OBJECTIONS TO INSTRUCTIONS

The Defendants object to Plaintiffs' instructions to the extent they are inconsistent with the Federal Rules of Civil Procedure (the "Rules") and/or the Local Rules of Civil Procedure ("Local Rules"), to the extent they impose requirements on Defendants beyond those set forth in the Rules and/or Local Rules, and to the extent they are unduly burdensome.

## INTERROGATORIES

1.      State the dates and identify the Local Laws, if any, on which the Village adopted any definitions for "schools" within its zoning code.

Identify and provide copies of all documents evidencing this response.

**RESPONSE:**   The definitions of "schools"/ "educational institutions" are set forth in Local Law No. 1 of 2001, adopted on January 22, 2001, and Local Law No. 5 of 2004, adopted on September 27, 2004.

**SUPPLEMENTAL RESPONSE:**

For copies of each law, please see documents previously produced at Bates Numbers POM0004419 and POM0011917.

- 3 -

2.      Identify every amendment to the definition of "schools" within the Village's zoning code, the date, and the purpose for each amendment.

Provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

The Defendants object to the phrase "purpose" as vague and undefined.

Notwithstanding and without waiving the foregoing objection, for the first part of this response please see the response to Interrogatory No. 1. As to the remainder of this Interrogatory, the first "WHEREAS" clause of Local Law No. 1 of 2001 states that it was adopted to address inadequate standards in the Village Zoning Law for the development of educational institutions. Local Law No. 5 of 2004 was adopted to address vagueness and inconsistencies in the pre-existing definitions and to comply with requirements of New York State law.

**SUPPLEMENTAL RESPONSE:**

For copies of each law, please see the documents listed in the supplemental response to Interrogatory No. 1.

**SECOND SUPPLEMENTAL RESPONSE:**

The memo by Frederick P. Clarke & Associates identifies the inadequate standards that were intended to be addressed by Local Law No. 1 of 2001.

The following vagueness and inconsistencies were intended to be addressed by Local Law No. 5 of 2004:  (1)  it was unclear why there were separate definitions for "school" and "educational institution," (2) it was unclear whether prior definitions of "school" and

- 4 -

"educational institution" applied to post-secondary institutions or excluded them, (3) the definitions of "school" and "educational institution" were inconsistent, (4) it was unclear whether dormitories were included or excluded, and (5) it was unclear if net lot areas included NY DEC wetlands.

New York state law requires:  (1)  that post-secondary institutions be permitted in all zoning districts, (2) dormitories must be permitted as accessory to educational institutions, (3) educational institutions cannot be limited to location on State or County roads only, and (4) minimum lot area cannot be determined by acreage per student.

3.      State the purpose for the amendment to the Village Code on or about January 22, 2001 by Local Law No. 1 of 2001 and all facts that led to the consideration of the amendment.

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

The Defendants object on the grounds that this Interrogatory is overly broad and unduly burdensome to the extent it seeks "all facts" that led to consideration of the amendment.  The Defendants further object to the phrase "consideration" as vague, ambiguous, and undefined.

Notwithstanding and without waiving the foregoing objections, the Defendants state that Local Law No. 1 of 2001 was adopted because the existing standards for the development of educational institutions within the Village were inadequate based on review by Frederick P. Clarke & Associates.  Please see draft laws and reports from Frederick P.

Clarke & Associates being produced herewith in response to Plaintiffs' Second Set of Requests for Production.

**SUPPLEMENTAL RESPONSE:**

For a copy of Local Law No. 1, please see the first document listed in the supplemental response to Interrogatory No. 1. For copies of draft laws and reports from Frederick P. Clarke & Associates, please see documents previously produced at Bates Numbers POM0014125, POM0014128, and POM0014137.

**SECOND SUPPLEMENTAL RESPONSE:**

The inadequate standards referred to above are identified in Frederick P. Clarke & Associates' memorandum.

4.      Identify all governmental interests addressed by adopting Local Law No. 1 of 2001 and any alternative means of achieving such governmental interests considered by the Village prior to adopting Local Law No. 1 of 2001.

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:** The Defendants object to the phrase "governmental interests" and "alternative means" as vague, ambiguous, and undefined.

Notwithstanding and without waiving the foregoing objections, the governmental interests are, among others, 1) to minimize the impact of a non-residential use in a single family residential district, 2) to address environmental concerns such as flooding, protection of wetlands, flood plains and wildlife, and maintaining community character, etc., and 3) to comply with the requirements of New York state case law.   Please see draft

- 6 -

laws and reports from Frederick P. Clarke & Associates being produced herewith in response to Plaintiffs' Second Set of Requests for Production, which would include any alternatives considered.

<u>SUPPLEMENTAL RESPONSE:</u>

For copies of draft laws and reports from Frederick P. Clarke & Associates, please see documents listed in the supplemental response to Interrogatory No. 3.

<u>SECOND SUPPLEMENTAL RESPONSE:</u>

In addition to the governmental interests and environmental concerns described above, please see the concerns addressed in Frederick P. Clarke & Associates' memorandum and 6 NYCRR 617.2(1).

<u>THIRD SUPPLEMENTAL RESPONSE:</u>

No alternatives to adopting zoning laws to achieve the interests identified previously were considered.

<u>AMENDED RESPONSE:</u>

In response to the Court's order of December 4, 2013, the Defendants hereby amend the above responses as follows:

The Second Supplemental response is withdrawn.

The Initial Response is withdrawn and replaced with the following: Notwithstanding and without waiving the foregoing objections, the governmental interests are: 1) to minimize the impact of a non-residential use in a single family residential district, 2) to address environmental concerns of flooding, wetlands, flood plains, wildlife, plant life, water usage, maintaining community character, air quality, and noise, and 3) to comply

- 7 -

with the requirements of New York state case law.    Please see draft laws and reports from Frederick P. Clarke & Associates being produced herewith in response to Plaintiffs' Second Set of Requests for Production, which would include any alternatives considered.

     5.     State the purpose for the amendment to the Village Code on or about September 27, 2004 by Local Law No. 5 of 2004 and all facts that led to the consideration of the amendment.

     Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

     The Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all facts" that led to consideration of the amendment.  The Defendants further object to the phrase "consideration" as vague, ambiguous, and undefined.

     Notwithstanding and without waiving the foregoing objections, Defendants state that Local Law No. 5 of 2004 was adopted to eliminate vagueness and inconsistencies in the pre-existing law, to amend certain requirements to make them less burdensome to applicants and to comply with New York State Court of Appeals case law.

**SECOND SUPPLEMENTAL RESPONSE:  Please see Second Supplemental Response to Interrogatory Number 2.  In addition, the Village and the Board of Trustees adopt the response of Defendant Sanderson.**

6.      Identify all governmental interests addressed by adopting Local Law No. 5 of 2004 and any alternative means of achieving such governmental interests considered by the Village prior to adopting Local Law No. 5 of 2004.

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

The Defendants object to the phrases "governmental interests," "considered," and "alternative means" as vague, ambiguous, and undefined.

Notwithstanding and without waiving the foregoing objections, please see response to Interrogatory No. 4.

**SECOND SUPPLEMENTAL RESPONSE:**

In addition to the governmental interests and environmental concerns described above, please see the concerns addressed in Frederick P. Clarke & Associates' memorandum and 6 NYCRR 617.2(1).

**THIRD SUPPLEMENTAL RESPONSE:**

No alternatives to adopting zoning laws to achieve the interests identified previously were considered.

**AMENDED RESPONSE:**

- 9 -

In response to the Court's order of December 4, 2013, the Defendants hereby amend the above responses as follows:

The Second Supplemental response is withdrawn.

The Initial Response is withdrawn and replaced with the following: Notwithstanding and without waiving the foregoing objections, the governmental interests are: 1) to minimize the impact of a non-residential use in a single family residential district, 2) to address environmental concerns of flooding, wetlands, flood plains, wildlife, plant life, water usage, maintaining community character, air quality, and noise, and 3) to comply with the requirements of New York state case law.

7.      Describe the "process that started in 2003," as stated in the Answer ¶ 156, that led to the adoption of Local Law No. 5 of 2004, and identify all individuals, entities, studies, "amendments and revisions," reports, and communications involved in such "process."

Identify and provide copies of all documents evidencing this response.

**RESPONSE:**

The process was as follows:  portions of the Village Code, particularly with respect to land use and building construction, were reviewed for clarity, consistency and ease of implementation.  This review resulted in the adoption of 9 local laws in 2003, 8 in 2004 and 5 in 2005.

**SECOND SUPPLEMENTAL RESPONSE:**

The review was conducted by Doris Ulman.

The local laws adopted as a result of that process are: (1) Local Law No. 1 of 2003, (2)  Local Law No. 2 of 2003, (3) Local Law No. 3 of 2003, (4) Local Law No. 4 of 2003, (5) Local Law No. 5 of 2003, (6) Local Law No. 6 of 2003, (7) Local Law No. 7 of 2003, (8) Local Law No. 8 of 2003, (9) Local Law No. 9 of 2003, (10) Local Law No. 1 of 2004, (11) Local Law No. 2 of 2004, (12) Local Law No. 3 of 2004, (13) Local Law No. 4 of 2004, (14) Local Law No. 5 of 2004, (15) Local Law No. 6 of 2004, (16) Local Law No. 7 of 2004, (17) Local Law No. 8 of 2004, (18) Local Law No. 1 of 2005, (19) Local Law No. 2 of 2005, (20) Local Law No. 3 of 2005, (21) Local Law No. 4 of 2005, and (22) Local Law No. 1 of 2005.

8.      Identify the "developments in, and requirements of, New York state law" referred to in the Answer ¶ 156.

Identify and provide copies of all documents evidencing this response.

<u>RESPONSE</u>:

Local Law No. 5 of 2004 added dormitories as a permitted accessory use of educational institutions, eliminated the requirement of .05 acres per student and eliminated the requirement that educational institutions be located on state or county roads, all of which are needed in order to comply with New York State case law, including but not limited to, *Cornell University v. Bagnardi et al.*, 68 N.Y.2d 583, 510 N.Y.S.2d 861 (1986) and related cases.

<u>THIRD SUPPLEMENTAL RESPONSE</u>:

In addition to the foregoing, see *Congregation Mischknois Lavier Yakov Inc. et al v. Board of Trustees of the Village of Airmont et al.*, Docket No. 02 Civ. 5642 and *Matter of Diocese of Rochester v. Planning Board of the Village of Brighton*, 1 N.Y.2d 508.

9.      State the purpose for the amendment to the Village Code on or about January 22, 2007 by Local Law No. 1 of 2007, including its various sub-parts, and all facts that led to the consideration of the amendment.

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

The Defendants object on the grounds that this Interrogatory is overly broad and unduly burdensome to the extent it seeks "all facts" related to the amendment. The Defendants further object to the phrase "consideration" as vague, ambiguous, and undefined.

Notwithstanding and without waiving the foregoing objection, the purpose of the adoption of Local Law No. 1 of 2007 was to clarify and address inconsistencies in the prior law – for example, the pre-existing subparagraph (1)(b) deducted land area for U.S. Army Corps wetlands but did not deduct land area for N.Y.S. DEC wetlands (State and Federal law prohibit disturbance of State and Federal wetlands); Local Law No. 1 of 2007 added deductions for NYS DEC wetlands, among other things.

**SUPPLEMENTAL RESPONSE:**

For a copy of Local Law No. 1 of 2007, please see the document previously produced at Bates Number POM0014031.  For the purposes of Local Law No. 1 of 2007,  please see the documents previously produced at Bates Numbers POM0007804 and POM0007805.

SECOND SUPPLEMENTAL RESPONSE:

The use of the word "school" in the definition of "dormitory" was inconsistent with the use of "educational institution" in other places in the Village Code.  The definition was further clarified to specify that dormitory use was accessory to the principal use as an "educational institution."  The addition of the word "net" in subsection (a) corrected the inconsistency with other sections that provided for reductions of lot area for various encumbrances.  Local Law No. 1 of 2007 also added the reduction of lot area for wetlands identified in Chapter 126 of the Village Code and changed "school" to "educational institution" in the definition of "dormitory."

10.     Identify all governmental interests addressed by adopting Local Law No. 1 of 2007 and any alternative means of achieving such governmental interests considered by the Village prior to ··· adopting Local Law No. 1 of 2007.

Identify and provide copies of all documents evidencing this response.

OBJECTION/RESPONSE:

The Defendants object to the phrase "governmental interests," "considered," and "alternative means" as vague, ambiguous, and undefined.

- 13 -

Notwithstanding and without waiving the foregoing objections, the governmental purpose of adopting Local Law No. 1 of 2007 is to have a law that is clear, consistent and capable of being implemented. The Village considered a 25% limitation as an alternative.

SUPPLEMENTAL RESPONSE:

For a copy of Local Law No. 1 of 2007, please see the first document listed in the supplemental response to Interrogatory No. 9. For the governmental interests addressed by adopting Local Law No. 1 of 2007, please see the second and third documents listed in the supplemental response to Interrogatory No. 9.

11.     State the purpose for the Village's limitation of the size of dormitory building to 20% of the total square footage of all buildings on the lot in Local Law No. 1 of 2007, as codified at Village Code § 130-10(F)(12).

RESPONSE:

The purpose of limiting the size of the dormitory building is to clarify that the dormitory use is an accessory to the principal educational use and does not become a ···
principal use.

12.     State the purpose for the Village's limitation of dormitories to one dormitory building on a lot in Local Law No. 1 of 2007, as codified at Village Code § 130-10(F)(12).

Identify and provide copies of all documents evidencing this response.

RESPONSE:

Please see response to Interrogatory No. 11.

- 14 -

13.     State the purpose for the Village's limitation of the maximum height of dormitories two stories or 25 feet, whichever is less in Local Law No. 1 of 2007, as codified at Village Code § 130-10(F)(12).

Identify and provide copies of all documents evidencing this response.

**RESPONSE:**

**The height limitation is consistent with the height of most single family residences within the Village and is intended to limit adverse impacts caused by non-residential uses in single family residential neighborhoods.**

**SECOND SUPPLEMENTAL RESPONSE:**

**The height of a building that is inconsistent with the height of other buildings in a neighborhood affects the aesthetics of the neighborhood and adversely impacts the character of a neighborhood.**

14.     State the basis for the statement that "the provisions on dormitories were based on legitimate government interests including that dormitories are accessory to the educational use, not the primary use, and the New York Court of Appeals has required special status for educational uses, not housing uses;" contained in paragraph 160 of the Answer.

Identify and provide copies of all documents evidencing this response.

**RESPONSE:**

- 15 -

The Defendants direct Plaintiffs to *Cornell University v. Bagnardi et al.*, 68 N.Y.2d 583, 510 N.Y.S.2d 861 (1986) and related cases, which set forth the requirements and limitations of the "special status."

**SECOND SUPPLEMENTAL RESPONSE:**

The basis is *Cornell University v. Bagnardi et al.*, 68 N.Y.2d 583, 510 N.Y.S.2d 861 (1986) and related cases, which set forth the requirements and limitations of the "special status."

**THIRD SUPPLEMENTAL RESPONSE:**

Please see responses to Interrogatory Number 8.

15.     State the purpose for the adoption of Chapter 126 (Wetlands) on or about April 23, 2007 by Local Law No. 5 of 2007, and all facts that led to the consideration of the law.

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

The Defendants object on the grounds that this Interrogatory is overly broad and unduly burdensome to the extent it seeks "all facts" related to the consideration of the law. The Defendants further object to the phrase "consideration" as vague, ambiguous, and undefined.

Notwithstanding and without waiving the foregoing objections, the Defendants state that in 1998 the Village considered adoption of a model wetland protection local law but, as

proposed, the implementation was too cumbersome.  The local law proposed in 2007 was easier for the public and the Village to understand and implement.  Please see copies of the following documents, that are being produced herewith in response to Plaintiffs' Second Set of Requests for Production:  County of Westchester Model Ordinance, a Survey of Municipal Ordinances in Westchester County and the local law proposed in 1998 that was not adopted.

SUPPLEMENTAL RESPONSE:

For copies of the documents described above, please see the documents previously produced at Bates Numbers POM0014068 , POM0014035 and POM0014141.

SECOND SUPPLEMENTAL RESPONSE:

The purpose of Local Law No. 5 of 2007 was to provide guidance to the Village concerning the use, regulation and protection of wetlands in the Village; to comply with § 401 of the Federal Clean Water Act, Article 24 of the NYS Environmental Conservation Law and MS4 Permitting requirements and manuals; to protect stormwater systems; and to protect smaller wetlands that did not meet the threshold for being DEC or Army Corp of Engineer wetlands.

Consideration of a Village wetlands law was prompted by the Halley II subdivision project.

Other factors related to the need for wetlands regulation are discussed in the documents identified above.

16.     Identify all governmental interests addressed by adopting Local Law No. 5 of 2007 and any alternative means of achieving such governmental interests considered by the Village prior to adopting Local Law No. 5 of 2007.

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

**The Defendants object to the phrase "governmental interests" and "alternative means" as vague, ambiguous, and undefined.**

**Notwithstanding and without waiving the foregoing objections, Defendants state that the governmental interests addressed by the adoption of Local Law No. 5 of 2007 are 1) preventing destruction of wetlands, 2) reducing flooding, and 3) regulating the quality and quantity of stormwater. As an alternative, the Responding Defendants considered whether or not to include a buffer zone exemption.**

17.     Identify the "federal and state law" referred to in the Answer ¶¶ 169 and 172-74.

Identify and provide copies of all documents evidencing this response.

**RESPONSE:**

**Section 401 of Federal Clean Water Act, Article 24 of the NYS Environmental Conservation Law, and MS4 Permitting requirements and manuals.**

18.     State the purpose for excluding lots improved with single family residences, pursuant to §126-3(D), from the requirement that regulated activities under Chapter 126 are not permitted within a 100-foot boundary of any wetland, and all facts that led to this decision.

- 18 -

Identify and provide copies of all documents evidencing this response.

**RESPONSE:**

**The local law was intended to apply to all new construction and was not intended to place existing residences in violation.**

19.     Identify the purpose for the Village's challenge to the Town of Ramapo's Adult Student Housing Law and identify any correspondence between any Village official and (i) the Town of Ramapo; (ii) any Village resident; (iii) any other individual outside the Village, regarding the Town of Ramapo's Adult Student Housing Law and (iv) any other Village official.

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

**The Defendants object to the phrase "purpose" as vague, ambiguous, and undefined.**

**Notwithstanding and without waiving the foregoing objections, the Town of Ramapo Adult Student Housing Local Law permits 90% of a property to be developed with multi-family housing if 10% of the property is occupied by an approved educational institution. The four properties identified by the Town of Ramapo for this housing are bordered by single family residential properties and are in close proximity, respectively, to the Villages that commenced the proceeding against the Town. Pomona is one of four Villages that joined together to challenge the local law.**

**SECOND SUPPLEMENTAL RESPONSE:**

The purpose of the Village's challenge was to protect the character of the Village, the quality of life of residents and the compatibility of neighboring uses.  In Ramapo, the primary use of the property was multi-family housing, not education.  The proposed uses were incompatible with the surrounding single family neighborhoods.

20.     State when and how you became aware that the subject property was sold to the rabbinical college and when and how you became aware of the rabbinical college's intended use of the subject property.

Identify and provide copies of all documents evidencing this response.

**RESPONSE:**

On or about November 1, 2004, the Village Clerk received a copy of the transfer documents.  Upon information and belief, no Village official or employee knew of the transfer prior to that date.  The Village did not become aware of the intended use of the property until the complaint was served in the instant action, although there were unsubstantiated rumors concerning the intended use of the property prior to that time.  At some time in 2005 or 2006, Paul Savad told Doris Ulman that a portion of the property would be used by the Rabbinical College.

21.     Identify every Village official, trustee, employee, agent, attorney, and member of the Village Planning Board involved in the proposed formation of the "Village of Ladentown" and describe such involvement.

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

The Defendants object to this Interrogatory as overly broad and unduly burdensome to the extent it seeks identification of those individuals with *de minimis* involvement in the "proposed formation" of the Village of Ladentown, and to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. The Defendants cannot answer this Interrogatory with the degree of accuracy requested. Defendants further object to this Interrogatory to the extent the phrases "involved in" and "proposed formation" are vague, ambiguous and undefined.

Notwithstanding and without waiving the foregoing objections, Doris Ulman has represented the proposed Village of Ladentown.  Brett Yagel has provided assistance to the Ladentown incorporation efforts.

22.     Identify every Village official, trustee, employee, agent, attorney, and member of the Village Planning Board who made any public statements, whether such statements were made under the individual's actual name, an alias or anonymously in blogs, on-line forums, newspapers, or at civic or governmental meetings concerning:

(a)     the subject property;

(b)     the proposed rabbinical college;

(c)     development in Pomona;

(d)     development in the neighboring areas including the Town of Ramapo; and

(e)     Jews, including Hasidic Jews and Orthodox Jews.

Identify any such statement and identify and provide copies of all documents evidencing this response identifying which individuals made which statements and the name used.

**OBJECTION/RESPONSE:**

The Defendants object to this Interrogatory as overly broad and unduly burdensome to the extent it seeks identification of individuals who made any public statement, including those made under an alias or anonymously. The Defendants cannot answer this Interrogatory with the degree of accuracy requested.

Notwithstanding and without waiving the foregoing objections, please see the minutes to the Board of Trustees meetings and The Village Green newsletter, which would reflect public statements. Doris Ulman, Village Attorney, also made statements to the press. This response will be supplemented to include information known to individual defendants.

**SUPPLEMENTAL RESPONSE:**

For copies of the minutes to the Board of Trustees meetings, please see documents located at Bates Numbers POM0000001-POM0004064 and POM0007800-POM0013075. For a copies of the Village Green newsletters, please see the documents previously produced at Bates Numbers POM0011820-POM0011822 and POM0013277-POM0013393.

23.    Identify all correspondence, including the sender of such correspondence, that the Village received regarding the rabbinical college.

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

The Defendants object to this Interrogatory as overly broad and unduly burdensome.

Notwithstanding and without waiving the foregoing objections, any such non-privileged communications that exist in paper form have already been produced.  Any non-privileged materials that exists electronically will be produced subsequently.

SUPPLEMENTAL RESPONSE:

For copies of the documents described above, please see the documents previously produced at Bates Ranges POM0004145-5569, POM0007824-7825, POM0009743-9975, and POM0011486-13275.

24.    Identify all Village residents or other third-party individuals with whom any Village official orally communicated regarding the rabbinical college.  For each such resident, state:

(a)    Which Village official(s) communicated with the resident;

(b)    The date of the communication(s);

(c)    Who was present during the communication(s);

(d)    The sum and substance of the communication(s).

Identify and provide copies of all documents evidencing this response.

OBJECTION/RESPONSE:

The Defendants object to this Interrogatory as overly broad and unduly burdensome to the extent it seeks all oral communications related to the rabbinical college. The Defendants cannot answer this Interrogatory with the degree of accuracy requested. The Defendants also object to this Interrogatory to the extent it is not the more practical

method of obtaining the information sought than a deposition.  Notwithstanding and

without waiving the foregoing objections, the Defendants state that Paul Savad and Susan

Cooper spoke at Village meetings regarding the rabbinical college.    Please also see the

meeting minutes for any Board of Trustee meetings at which the rabbinical college was

discussed.

**SUPPLEMENTAL RESPONSE:**

For minutes to the Board of Trustees meetings, please see the first group of

documents listed in the supplemental response to Interrogatory No. 22.


25.    Identify any and all accrediting bodies that can accredit any rabbinical college, which is

required pursuant to Village Code § 130-4 ("Educational institution").

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

The Defendants object to this Interrogatory on the grounds that the identity of any

accrediting bodies that can accredit any rabbinical college is information which is equally,

and likely more readily available to Plaintiffs.

Notwithstanding and without waiving the foregoing objection, the Responding

Defendants state that they have no knowledge regarding the accreditation of rabbinical

colleges apart from the assertions of the Plaintiffs in this action.

26.     Identify the basis of your contention that Local Law No. 5 of 2004, Local Law No. 1 of 2007 and Local Law No. 5 of 2007 were based on the "need for controlling traffic" as stated in the Answer ¶ 160, including the identification of any traffic studies conducted.

Identify and provide copies of all documents evidencing this response.

**RESPONSE:**

**All dwelling units, by their nature, generate traffic.**

27.     Identify the basis of your contention that Local Law No. 5 of 2004, Local Law No. 1 of 2007 and Local Law No. 5 of 2007 were based on "the need for controlling . . . other environmental impacts" as stated in the Answer ¶ 160, including the identification of any environmental impact studies conducted.

Identify and provide copies of all documents evidencing this response.

**RESPONSE:**

**Setbacks, buffers, landscaping and height restrictions address environmental impacts such as drainage, water retention, visual impacts and safety.  Wetlands protection laws address environmental impacts by protecting wetlands, controlling drainage and preventing water pollution.**

**SECOND SUPPLEMENTAL RESPONSE:**

**In addition to the foregoing, please see the environmental impacts listed at 6 NYCRR 617.2(l).**

**AMENDED RESPONSE:**

- 25 -

In response to the Court's order of December 4, 2013, the Defendants hereby amend the above responses as follows:

The Second Supplemental response is withdrawn.

The Initial Response is withdrawn and replaced with the following:

Setbacks, buffers, landscaping and height restrictions address the following environmental impacts: drainage, water retention, visual impacts, noise issues, existing community or neighborhood character and safety.  Wetlands protection laws address environmental impacts by protecting wetlands, controlling drainage and preventing water pollution.

28.     Identify the basis of your contention that Local Law No. 5 of 2004, Local Law No. 1 of 2007 and Local Law No. 5 of 2007 were based on a lack of "Village infrastructure," as stated in the Answer ¶ 160, including the identification of any studies conducted and identifying the specific infrastructure at issue.

Identify and provide copies of all documents evidencing this response.

**RESPONSE:**

The inability of Village infrastructure to accommodate high density housing relates to the age and capability of the Village's sanitary sewer system, stormwater system and roads.

29.   Identify all materials that you reviewed concerning the subject matter of Local Law No. 1 of 2001, Local Law No. 5 of 2004, Local Law No. 1 of 2007 and Local Law No. 5 of 2007, including the identification of who prepared such materials.

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

**The Defendants object to the phrases "materials" and "reviewed" as vague, ambiguous, and undefined.**

**Notwithstanding and without waiving the foregoing, please see the documents identified in response to Interrogatories 3, 14, 15 and 17 above.**

**SECOND SUPPLEMENTAL RESPONSE:**

**Local Laws are prepare by the Village Attorney; the documents identified above identify the person(s) who prepared them.**

30.   Identify any experts, consultants or third parties who were consulted concerning the subject matter of Local Law No. 1 of 2001, Local Law No. 5 of 2004, Local Law No. 1 of 2007 and Local Law No. 5 of 2007, including the identification of any documents prepared.

Identify and provide copies of all documents evidencing this response.

**RESPONSE:**

**The Defendants identify Frederick P. Clark & Associates and the Rockland County Planning Department.  The local laws were likely also sent to the New York State Department of Transportation, the Town Clerk of Town of Haverstraw, the Town Clerk of**

Town of Ramapo, the Village Clerk of Wesley Hills, and the Village Clerk of New

Hempstead.

**SECOND SUPPLEMENTAL RESPONSE:**

The Village cannot affirmatively stated whether the local laws were sent to affected

agencies as the Village Clerks at the time are no longer employed by the Village.  The

Village states that it is part of the Village Clerk's duties to send such communications.

31.    Identify all individuals and entities from whom candidates for Village Board office

received aid or assistance for their campaigns from 1999 through the present.

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

The Defendants object to this Interrogatory as not reasonably related to the

allegations in the complaint and not reasonably calculated to lead to the discovery of

admissible evidence.  The Defendants further object to the phrases "aid" and "assistance"

as vague, ambiguous, and undefined.

Notwithstanding and without waiving the foregoing objections, the Responding

Defendants have no knowledge of who aided or helped any candidate in any fashion.

32.    Identify all statements in newspapers, on-line and distributed which were reviewed by

any member of the Village Board, employees, agents and attorneys of the Village and members of the

Village Planning Board concerning the subject property, the proposed rabbinical college, development

in Pomona, development in the neighboring areas and Jews, including Hasidic Jews and Orthodox Jews.

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

The Defendants object to this Interrogatory as vague and confusing in that Defendants cannot identify what information the Plaintiffs are seeking. The Defendants further object to this Interrogatory as overly broad and unduly burdensome. The Defendants cannot answer this Interrogatory with the degree of accuracy requested. The Defendants also object to the phrase "reviewed" as vague, ambiguous, and undefined. Finally, Defendants object to this Interrogatory to the extent it is not the more practical method of obtaining the information sought than a deposition.

Notwithstanding and without waiving the foregoing objections, any newspaper clippings or other printed published materials that were in possession of the Responding Defendants have previously been produced.

**SUPPLEMENTAL RESPONSE:**

For copies of any newspaper clippings or other printed published materials responsive to this request, please see Bates Ranges  POM0007319, POM0008449, POM0008593, POM0011299, POM0011658-11661, POM0012604, and POM0013249-13254.

**SECOND SUPPLEMENTAL RESPONSE:**

Defendants are unaware of any other statements.

- 29 -

33.     Identify all occasions when the Village, its officials, boards, employees or agents met informally with any individual or entity seeking to develop property within the Village, whether pursuant to Village Code §§ 119-7(B), 130-28(E)(3), 130-39 or otherwise, from 1999 through the present.

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

**The Defendants object to the phrases "met informally," and "seeking to develop" as vague, ambiguous, and undefined.**

**Notwithstanding and without waiving the foregoing objections, the Responding Defendants state that when an applicant applies to the Planning Board, the first meeting is an informal meeting with the Technical Advisory Committee ("TAC"), which is comprised of the Village Engineer, the Village Planner and the Village Attorney.  The purpose of this meeting is to review the plans, determine if the applicant is ready for the Planning Board and/or make recommendations for changes to the plans.  Since at least 2004, no meetings have been held unless an application, a plan or a proposal has been submitted.  On information and belief, this was true prior to 2004 as well.**

34.     Identify by tax lot and block and by street address all subdivision or non-single family residential development of property within the Village from 1999 through the present and identify the type of use for each.

- 30 -

Identify and provide copies of all documents evidencing this response.

**RESPONSE:**

**Defendants are not aware of any non-single family residential subdivision or development within the Village since 1999.**

35.     Identify by tax lot and block and by street address all educational institutions and houses of worship within the Village.

Identify and provide copies of all documents evidencing this response.

**RESPONSE:**

**There are no educational institutions within the Village.  The following houses of worship are in the Village:**

**A.     Ladentown Methodist Church;**

**B.     Zorastrian Temple  (Tax Lot No. 33.17 Block 1 Lot 14)(formerly Pomona Jewish Center); and,**

**C.     Sri  Ranganatha Temple (Tax Lot No. 32.08 Block 1 Lots 58 and 59).**

**In addition, there are a few Orthodox Jewish Congregations that use a portion of the resident Rabbi's house for purposes of worship.  Since these are primarily single family residences that do not require permits for the religious use, the Defendants do not know the exact number of houses, or their locations.**

36.     Identify all attempts by the Village, its officials, boards, employees or agents to address any regional housing needs, including identification of any reports, studies or statistical analyses conducted.

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

The Defendants object to the phrases "attempts" and "regional housing needs" as vague, ambiguous, and undefined.  The Defendants further object to this Interrogatory as, in part, not reasonably related to the allegations in the complaint and not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving the foregoing objections, although all zoning in the Village is R-40, regional housing needs, particularly for low income housing, are addressed on properties adjoining and in close proximity to the Village boundaries, i.e., a trailer park on Quaker Road across from Brookside Road (in the Village), a trailer park on Route 45 at Route 202.  Please see the Master Plan, which has been previously produced.

**SUPPLEMENTAL RESPONSE:**

For a copy of the Master Plan, please see the document previously produced at Bates Number POM0004820.


37.     Identify the basis for your contention that housing is not a religious use, as alleged in paragraph 44 of the Answer.

Identify and provide copies of all documents evidencing this response.

**RESPONSE:**

- 32 -

The Defendants identify *Westchester Day School v. Village of Mamaroneck et al.*, U.S. Circuit Court of Appeals for the Second Circuit, decided October 17, 2007, Docket No. 06-1464-cv and the law stated therein.

38.    Identify all locations and zoning districts within the Village where an unaccredited (as the term "accredited" is used in Village Code § 130-4 ("Educational institution")) rabbinical college with dormitories that include multifamily dwelling units with separate cooking, dining and housekeeping facilities for students may locate either as a permitted use or as a special permit use.

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

The Defendants cannot respond to this Interrogatory because they do not know what the hypothetical "unaccredited rabbinical college" is comprised of, *i.e.*, what size, how many classrooms, what square footage, how many stories, what other rooms are within the "college", etc.

**SECOND SUPPLEMENTAL RESPONSE:**

Defendants' response is not altered by the additional information provided in Plaintiffs' letter of September 25, 2013.

39.    Identify all governmental interests, whether "compelling," "important," or "legitimate," that would be served by preventing the Plaintiffs from developing and using the subject property as an

- 33 -

unaccredited rabbinical college with dormitories that include multifamily dwelling units with separate cooking, dining and housekeeping facilities for at least 250 students.

Identify and provide copies of all documents evidencing this response.

**RESPONSE:**

**The Village has never said it would prevent Plaintiffs from developing and using its property.   If an application is submitted, it will be considered.**

40.     Identify all comprehensive land use planning efforts by the Village, its officials, boards, employees or agents including the consideration and/or adoption of any Master Plan or Comprehensive Plan, from 1999 through the present, including identification of all individuals or entities that participated in such efforts.

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

**The Defendants object to the phrase "compressive land use planning efforts" as vague, ambiguous, and undefined.**

**Notwithstanding and without waiving the foregoing objection, please see the Master Plan, which has previously been produced.**

- 34 -

<u>SUPPLEMENTAL RESPONSE:</u>

For a copy of the Master Plan, please see the document listed in the supplemental response to Interrogatory No. 36.

41.     Identify what consideration was given to the impact that Local Law No. 1 of 2001, Local Law No. 5 of 2004, Local Law No. 1 of 2007 and Local Law No. 5 of 2007 would have on the availability of housing for Orthodox or Hasidic Jews in the Village.

Identify and provide copies of all documents evidencing this response.

<u>RESPONSE:</u>

**Defendants state that there was no consideration given to the impact of the Local Laws referenced in Interrogatory No. 41 with respect to any specific racial, ethnic, cultural or religious groups.  Village laws are content-neutral and apply equally to all persons of all races and religions.**

42.     Identify all zoning districts within the Village where an Orthodox Jewish Summer Camp, similar to that which previously existed on the subject property, may locate, either as a permitted use or as a special permit use.

Identify and provide copies of all documents evidencing this response.

<u>OBJECTION/RESPONSE:</u>

**The Defendants object to this Interrogatory as hypothetical, not reasonably related to the allegations in the complaint, and not reasonably calculated to lead to the discovery of admissible evidence.**

- 35 -

Notwithstanding and without waiving the foregoing objections, Section 130-10 Subdivision D of the Village Zoning Law permits camps, subject to Special Permit, in the R-40 Zoning District.  In this regard, on information and belief, an Orthodox Jewish Summer Camp is still in operation on the Subject Property.

43.     Identify all individuals responsible for Defendants' document retention policies, hardware and software retention policies, Electronically Stored Information retention policies, compliance or non-compliance therewith and compliance or non-compliance with Plaintiffs' December 17, 2008 letter to Defendants regarding preservation of evidence.

Identify and provide copies of all documents evidencing this response.

**OBJECTION/RESPONSE:**

Defendants object to this Interrogatory to the extent it is duplicative of Plaintiffs' First Interrogatory.  Defendants further object to this Interrogatory as confusing to the extent it seeks the identities of individuals responsible for "non-compliance" and further objects to the phrase "non-compliance" and "responsible for" as vague, ambiguous and undefined.

Notwithstanding and without waiving the foregoing objections, the Village's records retention is governed by New York Local Government Records Law (Chapter 737 Laws of 1987) and Records Retention and Disposition Schedule MU01, issued by New York State Archives and Department, effective January 6, 1989.   All Village employees and officials are responsible for complying with these laws.  The December 2008 letter was directed to

counsel.  The Responding Defendants state that any directives from counsel related to that letter are protected by the Attorney Client Privilege and/or Work Product Doctrines.


44.     Identify all individuals who assisted in or contributed to responding to all of Plaintiffs' discovery requests.

**OBJECTION/RESPONSE:**

The Defendants object to the terms "assisted in" and "contributed to" as vague and undefined.

Notwithstanding and without waiving the foregoing objections, Attorney Doris Ulman and Mayor Brett Yagel assisted in the preparation of these Interrogatory responses. Supplemental responses from individual defendants will be forthcoming.

- 37 -

As to objections only

DEFENDANTS
VILLAGE OF POMONA, NY; BOARD OF
TRUSTEES OF THE VILLAGE OF
POMONA, NY; NICHOLAS
SANDERSON AS MAYOR; IAN BANKS
AS TRUSTEE AND IN HIS OFFICIAL
CAPACITY; ALMA SANDERS ROMAN
AS TRUSTEE AND IN HER OFFICIAL
CAPACITY, RITA LOUIE AS TRUSTEE
AND IN HER OFFICIAL CAPACITY;
AND BRETT YAGEL AS TRUSTEE IN
HIS OFFICIAL CAPACITY


By____/s/ Andrea Donovan Napp_____
John F. X. Peloso, Jr.
Andrea Donovan Napp
Robinson & Cole LLP
1055 Washington Blvd., 9th Floor
Stamford, CT 06901
Tel. No.: (203) 462-7503
Fax No.: (203) 462-7599

Marci A. Hamilton
36 Timber Knoll Drive
Washington Crossing, PA 18977
Tel. No.: (215) 353-8984
Fax No.: (215) 493-1094
Hamilton.Marci@gmail.com

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by electronic mail and mailed,

postage prepaid, to the following on this 11th day of December 2013:

Paul Savad, Esq.                    Roman P. Storzer, Esq.
Donna Sobel, Esq.                   Storzer & Green, PLLC
Savad Churgin                       1025 Connecticut Ave., NW, Suite 1000
55 Old Turnpike Road, Suite 209     Washington, DC 20036
Nanuet, NY 10954

John George Stepanovich, Esq.
Stepanovich Law, PLC
516 Baylor Court
Chesapeake VA 23320


/s/ Andrea Donovan Napp
Andrea Donovan Napp

- 39 -