```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CONGREGATION RABBINICAL COLLEGE OF
TARTIKOV, INC., RABBI MORDECHAI BABAD,
RABBI WOLF BRIEF, RABBI HERMEN KAHANA,
RABBI MEIR MARGULIS, RABBI MEILECH MENCZER,      Case No. 07-CV-6304(KMK)
RABBI JACOB HERSHKOWITZ, RABBI
CHAIM ROSENBERG, and RABBI DAVID A.
MENCZER,

                                             Plaintiffs,

-against-

VILLAGE OF POMONA, NY; BOARD OF TRUSTEES OF      August 18, 2020
THE VILLAGE OF POMONA, NY; NICHOLAS SANDERSON,
AS MAYOR; IAN BANKS as Trustee and in his official capacity,
ALMA SANDERS ROMAN as Trustee and in her official capacity,
RITA LOUIE as Trustee and in her official capacity,
and BRETT YAGEL, as Trustee and in his official capacity,

                                             Defendants.
-------------------------------------------------------------------------X
```

# DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS

John F. X. Peloso, Jr. (JP6110)
Thomas J. Donlon, (TD5850)
Robinson & Cole LLP
1055 Washington Blvd.
Stamford, CT 06901

*Attorneys for Defendants*

21056041-v3

## BACKGROUND

Plaintiffs ("Tartikov") filed their Reply Memorandum of Law In Support Of Their Motion For Attorney's Fees on August 6, 2020, Dkt. No. 422 ("T. Reply"). By letter dated August 12, 2020, Defendants (the "Village") raised questions about the reply's arguments. This Court, by Memo Endorsement (Dkt. No. 425), authorized the Village to submit a sur-reply.

## ARGUMENT

In its reply, Tartikov raised a new argument – that the Village should be estopped from contending Tartikov's success is negligible due to the continuing effect of Local Law 1 of 2001 and Local Law 5 of 2004. New arguments in reply are disfavored by the courts of this District and the Second Circuit. This Court need not consider Tartikov's. *See, e.g., Rowley v. City of New York*, 2005 WL 2429514 (S.D.N.Y. 2005). Moreover, Tartikov's new argument is incorrect, based upon a misreading of the record and misstatement of the Village's consistent position before both this Court and the Second Circuit.

The doctrine of judicial estoppel is aimed at keeping a party from changing its position in a case for its benefit when such a switch will prejudice the other side. *See Intellivision v. Microsoft*, 484 Fed. Appx. 616, 619 (2d Cir. 2012) citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). The doctrine "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Id.* The Second Circuit in *Intellivision* pointed to certain factors in determining whether judicial estoppel applies: (1) the party's new position is "clearly inconsistent," (2) the party previously persuaded a court to accept its prior position, and (3) the party would gain an unfair advantage. *Id.* The Second Circuit noted it has "limit[ed] judicial estoppel to situations where the risk of inconsistent results with its impact on judicial integrity is certain." *Id.* (emphasis added).

1

Tartikov has failed to demonstrate that the Village argued inconsistent positions, no less that it gained an advantage. In its opposition to Tartikov's request for attorney's fees, the Village argued that Tartikov lacked success because the Court of Appeals' upholding of the 2001 and 2004 laws "leaves Tartikov in the same position it was when this litigation began in 2007." Defendants' Memorandum Of Law In Opposition, Dkt. No. 414 (the "Village Opp."), p. 15. The 2001 and 2004 zoning laws as written do not permit construction of Tartikov's rabbinical college. So Tartikov's "success" in overturning the two 2007 laws makes no real contribution to achieving Tartikov's stated goal. *Id.*

Throughout this litigation, both sides contended that the Village's existing zoning laws would not permit construction of Tartikov's rabbinical college, as this Court concluded. *Id.* at 14 citing Decision, Dkt. No. 333, pp. 40-41. The dispute before this Court, and the Second Circuit, was not the effect of the existing zoning laws, but rather whether the Village could grant a variance or other relief that would change that effect.

The Village first argued that Tartikov had to make "an application for a special use permit, use variance, zoning amendment or zone change" – without which its claims were not ripe – in its 2008 motion to dismiss. *See* Dkt. No. 37, p. 24 of 53. This Court held that Tartikov's as-applied challenge was not ripe on this basis (*see* Dkt. No. 53, p. 28) and the Second Circuit denied Tartikov's cross-appeal. *See Congregation Rabbinical College of Tartikov v. Village of Pomona*, 945 F.3d 83, 125 (2019). As Tartikov admits, the Village maintained its position that an application was required to change the existing zoning right through argument before the Second Circuit. *See* T. Reply, p. 5-6.

Tartikov attempts to manufacture an inconsistency by misstating the Village's argument, claiming the Village took a "brand-new position that the Challenged Laws 'bar construction' of

2

the rabbinical college." T. Reply, p. 5. Tartikov advances this false claim based on a distortion of the Village's consistent position that a variance or change to the zoning should be sought, because without one the existing zoning would not permit construction.

The very language Tartikov quotes demonstrates this. *See, e.g.*, T. Reply, p. 6 ("At trial Pomona's Village Attorney stated that "[t]he unaccredited rabbinical college <u>does not comply with the Village definition of educational institution</u> and that procedurally [Tartikov] could apply for a zone change or an amendment to the zoning law.") (emphasis added). The Village's argument for a zone change was predicated on the fact that the existing zoning laws would not otherwise allow construction.

Tartikov's attempts to restate the Village's argument reveal its interpretation is wrong. *See* T. Reply, p. 5 ("Defendants claimed that the Challenged Laws do not 'bar construction' of Plaintiffs' rabbinical college: rather Defendants argued on appeal that <u>Tartikov could have applied for area variances, zone changes or text amendments</u> …") (emphasis added). Requiring a change and barring construction otherwise are not contradictory positions. Contrary to Tartikov's claim, the Village never "took the position that the Challenged Laws did not prohibit outright Tartikov's use …." T. Reply, p. 6. Rather, the Village always maintained some change via variance or text amendment would be required before the Village could permit construction.[1]

Moreover, Tartikov's reinterpretation of the Village's arguments makes no sense. If the Village zoning law did not bar construction of a rabbinical college, there would be no need for a variance or text amendment. The present issue before this Court is whether Tartikov had any success that would support an award of attorney's fees. In opposing attorney's fees, the Village

---

[1] Without an application for a variance or change, Tartikov's injury remains conjectural, as the Second Circuit found (*Cong. Rabbinical College Tartikov*, 945 F.3d at 110), because Tartikov never made an application at any point in this case through appeal.

3

pointed out that after 12 years of litigation, the situation remains the same – Tartikov must make an application to change the present zoning if it wants to build a rabbinical college.[2]  Tartikov began, and pursued, this litigation to invalidate the zoning laws so it would not have to make an application.  The laws affirmed by the Second Circuit do not allow that.  The Village has not changed its position.  Its opposition to attorney's fees is clearly consistent with the Village's prior argument and has gained no unfair advantage.  Thus, judicial estoppel does not apply here.

Tartikov's misrepresentation of the Village position on this point is not unique in its reply.  For example, it states, "Defendants contend that Plaintiffs are <u>not</u> prevailing parties entitled to a fee award."  T. Reply, p. 1-2 (emphasis added).  To the contrary, the Village expressly stated, "Defendants do not contest that Tartikov technically <u>was</u>, in part, <u>a prevailing party</u>, as the Second Circuit upheld this Court's ruling invalidating the two 2007 laws."  Village Opp., p. 12 (emphasis added).  The Village did not contest Tartikov's eligibility for fees on that basis.  Rather, the Village argued that being a prevailing party merely makes one eligible, not entitled, to an award (*see id.* at 12-13), a distinction Tartikov ignores.[3]

The Village contests other arguments Tartikov makes in its reply, for example concerning the effect of intertwined causes of action and the timeliness of its motion for fees on appeal.  However, the Village addressed those issues in its Opposition (*see, e.g.,* Village Opp., pp. 18-20; 22-26) and will not repeat its arguments against them here.

---

[2] Tartikov's fee application concerns the trial and appeal of the present case, Case No. 7:07-cv-06504.  It cannot base success on some future hypothetical decision.  Any separate action Tartikov took or filed after the appeal of this case has no impact on its entitlement to fees.  The Village will deal separately with any new case.

[3] Tartikov's claim, repeated here (T. Reply, p. 1), that the Second Circuit affirmed its entitlement to fees, is impossible because the issue of attorney's fees was not before the Court of Appeals.

4

## CONCLUSION

The Village has not made clearly inconsistent arguments, but rather, taken a consistent position on the effect of the existing zoning laws throughout this litigation. Therefore, judicial estoppel does not bar its argument concerning Tartikov's lack of success. For this, and all the reasons set forth in its Opposition, the Village respectfully requests this Court not award attorney's fees in this case.

DEFENDANTS

By: */s/ John F.X. Peloso, Jr.*
John F. X. Peloso, Jr. (JP6110)
Thomas J. Donlon, (TD5850)
Robinson & Cole LLP
1055 Washington Blvd.
Stamford, CT 06901
Tel. No. (203) 462-7503
Fax. No. (203 462-7599
jpeloso@rc.com
tdonlon@rc.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing though the Court's CM/ECF System.

*/s/ John F.X. Peloso, Jr.*