Case 7:20-cv-06158-KMK   Document 42-1   Filed 10/20/20   Page 1 of 7
Case 18-869, Document 119-1, 07/11/2018, 2342936, Page4895 of 7

TE-1735

Case 7:07-cv-06304-KMK   Document 291   Filed 05/11/17   Page 1 of 30

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CONGREGATION RABBINICAL COLLEGE OF                Case No. 07-CV6304(KMK)
TARTIKOV, INC., RABBI MORDECHAI BABAD,
RABBI WOLF BRIEF, RABBI HERMEN KAHANA,
RABBI MEIR MARGULIS, RABBI GERGELY
NEUMAN, RABBI MEILECH MENCZER,
RABBI JACOB HERSHKOWITZ, RABBI
CHAIM ROSENBERG, RABBI DAVID A.
MENCZER, and RABBI ARYEH ROYDE,

Plaintiffs,

-against-

VILLAGE OF POMONA, NY; BOARD OF TRUSTEES OF
THE VILLAGE OF POMONA, NY; SANDERSON,
AS MAYOR; IAN BANKS as Trustee and in his official capacity,
ALMA SANDERS ROMAN as Trustee and in her official capacity,
RITA LOUIE as Trustee and in her official capacity,
and BRETT YAGEL, as Trustee and in his official capacity,

Defendants.
------------------------------------------------------------------X

## TRIAL DECLARATION OF KEVIN KINSER, Ed.D.

Kevin Kinser declares as follows, pursuant to 28 U.S.C. § 1746:

### INTRODUCTION

1.  I make this declaration on behalf of the Plaintiff Congregation Rabbinical College of Tartikov, Inc. ("Tartikov").

2.  I have been retained by Tartikov to provide my expert opinions in this litigation regarding the ability of certain educational institutions, including the proposed Rabbinical College, to be accredited.

3.  For purposes of this affidavit, when I use the term "Rabbinical College," I am referring to an educational institution proposed to be developed by Tartikov as set forth in the Second Amended Complaint.

### QUALIFICATIONS

Case 7:20-cv-06158-KMK   Document 42-1   Filed 10/20/20   Page 2 of 7
Case 18-809, Document 119-1, 07/11/2018, 2342936, Page4995 of 7

TE-1736

Case 7:07-cv-06304-KMK   Document 291   Filed 05/11/17   Page 2 of 30

4. I am a professor and head of the Department of Educational Policy Studies at Pennsylvania State University, where I am also a Senior Scientist in the Center for the Study of Higher Education.

5. Prior to that, I was the Chair and an associate professor of the Department of Educational Administration and Policy Studies and Senior Researcher at the Institute for Global Education Policy Studies at the University at Albany, State University of New York. I was also a fellow at SUNY Rockefeller Institute for Government and a Collaborating Scholar with the Program for Research on Private Higher Education (PROPHE).

6. Attached as **Attachment A** is a copy of my *curriculum vitae*.

7. My research focuses on non-traditional and alternative higher education, particularly the public policies and organizational structures related to the development and success of private for-profit institutions and international cross-border higher education.

8. I am the author of more than 50 articles, chapters, and scholarly reports, and regularly present papers at conferences in the United States and abroad. I have published several articles and books chapters on accreditation and quality assurance, and have been a featured speaker at national and international meetings of the Council for Higher Education Accreditation.

## SUMMARY OF OPINIONS

9. It my opinion that no New York State governmental entity can accredit the Congregation Rabbinical College of Tartikov's educational program of training rabbinical judges.

10. It is also my opinion that Automotive Repair, Driving and Carpentry Schools Can Be Accredited.

11. These opinions are set forth in more detail below.

## BACKGROUND

12. For purposes of drafting this affidavit, I have reviewed: the Handbook Of Institutional Accreditation: New York State Board of Regents and the Commissioner of Education; US Department of Education: Accreditation in the United States (available: http://www2.ed.gov/admins/finaid/accred/index.html); Application for Registration of a New Program; New York Codes, Rules and Regulations, Title 8 (available: http://usny.nysed.gov/regulations.html); excerpted deposition testimony of Michael Tauber and Rabbi Mordechai Babad; Steven Resnicoff's Opinion Letter; and Professor Preston Green's Expert Witness Report.

2

Case 7:20-cv-06158-KMK Document 42-1 Filed 10/20/20 Page 3 of 7
Case 18-869, Document 119-1, 07/11/2018, 2342936, Page509 of 107

TE-1737

Case 7:07-cv-06304-KMK   Document 291   Filed 05/11/17   Page 3 of 30

## OPINIONS

**I. The Congregation Rabbinical College of Tartikov, Inc. (the "Rabbinical College") Is Not Eligible for Accreditation by the New York State Education Department, the Board of Regents, or the Commissioner of Education.**

13. The only New York State entity that performs accreditation is the New York State Board of Regents ("Board of Regents").

14. The Board of Regents is recognized by the U.S. Department of Education as a national institutional accreditation agency.

15. The Board of Regents' accreditation process is controlled by the Commissioner of Education and managed by the State Education Department's Office of College and University Evaluation.

16. The New York State Education Department does not itself grant accreditation. Therefore, the policies of the Board of Regents for granting accreditation define eligibility of an educational institution in this case. **Trial Ex. 258.**

17. The "Handbook on Institutional Accreditation" (revised December 2009, and available at http://www.highered.nysed.gov/) emphasizes in its opening paragraph that:

    > An application for initial accreditation can occur only after the Regents and the Commissioner, acting in their capacities as a State approval agency have conferred degree authority and registered the institution's program(s).

    (Handbook, at page 1.) The key requirement is that applications must come from a degree granting institution. Only such degree-granting institutions are eligible for accreditation from the Regents. **Trial Ex. 258.**

18. The restriction of accreditation to degree granting institutions is repeated throughout the Handbook, including in the statement of accreditation application process:

    > A degree granting institution located in New York State that has met all the requirements of the Board of Regents and the Commissioner of Education, acting as a State approval agency, may apply to the Regents and the Commissioner for institutional accreditation by them, acting in their capacity as a nationally recognized institutional accrediting agency.

    (Handbook, at 8.) **Trial Ex. 259.**

19. The Rules of the Board of Regents ("Rules") state that the applying institution "shall be authorized to confer at least one degree." (Handbook, at 11, Subpart 4-1.3.) **Trial Ex. 259.**

20. A "degree" is defined in the Handbook as "an academic award listed in section 3.50 of this Title." (Handbook, at 10, referring to the Rules).

3

Case 7:20-cv-06158-KMK Document 42-1 Filed 10/20/20 Page 4 of 7
Case 18-869, Document 119-1, 07/11/2018, 2342936, Page519 of 10

TE-1738

Case 7:07-cv-06304-KMK Document 291 Filed 05/11/17 Page 4 of 30

21. Section (or subpart) 3.50 of the Handbook lists numerous degrees at all levels of study, none of which could apply to the outcome of the training provided by the Rabbinical College.

22. The Rabbinical College's curriculum is intended to provide the student with the knowledge to be granted a *Semichah*.

23. A *Semichah* is not a recognized academic award according to the Rules of the Board of Regents.

24. Furthermore, the *Semichah* itself would not be granted by the Rabbinical College, but would be given by a Rabbi.

25. Without awarding a degree, an institution cannot apply for, nor can it be granted, accreditation by the Board of Regents.

26. Therefore, for at least two independent reasons, the Rabbinical College's program does not qualify as a "degree" under New York State regulations.

27. Even if the Rabbinical College did apply for accreditation, such an application would not be considered or evaluated by the Board Regents.

28. Other educational institutions that train rabbis such as the Rabbi Isaac Elchanan Theological Seminary ("RIETS") may be accredited by the Board of Regents, but such accreditation is based on the fact that, unlike the Rabbinical College, those other institutions award degrees in <u>other</u> areas. **Trial Ex. 258.**

29. The Rabbinical College is <u>not</u> eligible for accreditation by the New York State Education Department, the Board of Regents, or the Commissioner of Education because it does not award degrees.

## II. Even If the Rabbinical College's Program Were Eligible for Accreditation, It Could Not Be Accredited Because It Lacks Facilities.

30. The Rules require an educational institution to have at least one degree and at least one existing program registered with the State of New York. A program means "the formal educational requirements necessary to qualify for certificates or degrees." (Handbook, page 10)

31. The process for registering a program is time-consuming and demands extensive documentation of the need for the program and the capacity of the institution to successfully deliver the program.

32. It would not be possible to register a program if the institution was lacking the facilities in which to deliver the instruction (see Application for Registration of a New Program, available: http://www.highered.nysed.gov/).

Case 7:20-cv-06158-KMK   Document 42-1   Filed 10/20/20   Page 5 of 7
Case 18-809, Document 119-1, 07/11/2018, 2342936, Page529 of 10

TE-1739

Case 7:07-cv-06304-KMK   Document 291   Filed 05/11/17   Page 5 of 30

33. Even if, hypothetically, the barrier of a lack of facilities could be eliminated, the Rabbinical College would need to conduct a self-study report that evaluates the quality of the program against the New York State Regents standards for accreditation. (Handbook, at 13-25, 39-70.)

34. This self-study typically requires the institution to have graduates of its program in order to evaluate graduate rates and job placement statistics, as well as other markers of success.

35. If the institution does not have a graduating class, the Handbook states that the institution "must demonstrate how it will meet the Standards." (Handbook, at 8.) However, no procedures are evident for how an institution would demonstrate this. The standards as written and the documents suggested as evidence for meeting them all assume that students have successfully graduated from the program.

36. Other procedures also assume that the institution is in operation, including requirements for previous year budget, reports for 12 months of cash flow, and financial audits for the previous three years. (Handbook, at 58.)

37. Therefore, the Rabbinical College must be in operation to meet the standards of accreditation.

38. Furthermore, even if these insurmountable issues could be resolved, the process for gaining accreditation is not immediate.

39. The Handbook states that the "accreditation process may take at least 18 months." (Handbook, at 1.)

40. During the period of review, the institution would need to be in operation and have facilities available for review in order for a site visit to occur. Thus, it is impossible for the Rabbinical College to gain accreditation before it is operational.

41. The Rabbinical College therefore <u>cannot</u> be accredited by the Board of Regents prior to having a facility or being operational.

### III. There Is No Body That Can Determine Whether An Educational Institution Meets All Other Criteria (Except for the Lack of Facilities) for Accreditation.

42. An assessment of whether the Rabbinical College meets the standards for accreditation can only be made by the Board Regents on application by the institution for accreditation. There is no other body qualified to make that assessment.

43. Thus, it cannot be determined whether an educational institution would meet a subset of the criteria necessary for accreditation.

44. Even if it was eligible for accreditation, there is no path to accreditation, or partial determination of accreditation, before the Rabbinical College opens a facility and begins

5

Case 7:20-cv-06158-KMK Document 42-1 Filed 10/20/20 Page 6 of 7
Case 18-869, Document 119-1, 07/11/2018, 2342936, Page539 of 107
TE-1740
Case 7:07-cv-06304-KMK Document 291 Filed 05/11/17 Page 6 of 30

operation.

### IV. Automotive Repair, Driving and Carpentry Schools Can Be Accredited.

45. Postsecondary institutions that offer programs in automotive repair or carpentry, or driving schools, can be accredited by a recognized accreditation agency.

46. There are nationally recognized accreditation agencies for trade schools and educational institutions related to automotive repair, carpentry, trucking, driver education schools and other similar entities.

47. I confirmed this by using the U.S. Department of Education online resource, College Navigator, to search for institutions with programs in automotive repair, carpentry, and driving. Such documents are commonly used by professionals in the field of higher education and accreditation.

48. Using the keywords "Autobody/Collision and Repair Technology/Technician" and "Automobile/Automotive Mechanics Technology/Technician" I found over 500 programs listed with programs in these areas, all of which are accredited by a recognized agency. Twenty-two institutions are in New York State, accredited by Accrediting Commission of Career Schools and Colleges, Council on Occupational Education, Middle States Commission on Higher Education, or the New York State Board of Regents and the Commissioner of Education

49. Using the keywords "Carpentry/Carpenter" the search returned 287 institutions with such programs, all of which are accredited by a recognized agency. Two institutions are in New York State, both accredited by the Middle States Commission on Higher Education

50. Using the keywords "Driver and Safety Teacher Education" and "Truck and Bus Driver/Commercial Vehicle Operator and Instructor" the search returned 213 institutions with such programs, all of which are accredited by a recognized agency.

51. Three institutions are in New York State, accredited by either the Council on Occupational Education or the Accrediting Commission of Career Schools and Colleges.

### IV. Conclusion.

52. For the foregoing reasons, neither the New York State Education Department, the Board of Regents, nor any other New York State body can accredit the Congregation Rabbinical College of Tartikov's educational program of training rabbinical judges.

53. Furthermore, postsecondary institutions that offer programs in automotive repair or carpentry, or driving schools, can be accredited by nationally recognized accreditation agencies.

6

Case 7:20-cv-06158-KMK   Document 42-1   Filed 10/20/20   Page 7 of 7
Case 18-869, Document 119-1, 07/11/2018, 2342936, Page549 of 107

TE-1741

Case 7:07-cv-06304-KMK   Document 291   Filed 05/11/17   Page 7 of 30

54. I declare under penalty of perjury, that the foregoing is true and correct.

Executed on: May 11, 2017

*[signature]*

———————————————
Kevin Kinser, Ed.D.