UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

CONGREGATION RABBINICAL COLLEGE OF
TARTIKOV, INC., RABBI MORDECHAI BABAD,
RABBI MEILECH MENCZER, RABBI JACOB
HERSHOKOWITZ, and RABBI CHAIM ROSENBERG,

          **ATTORNEY DECLARATION**

          Plaintiffs,

   -against-

          Civil Case No.:
          20-cv-6158 (KMK)

VILLAGE OF POMONA, NY, and BOARD OF
TRUSTEES OF THE VILLAGE OF POMONA, NY,

          Defendants.

-----------------------------------------------------------X

**DECLARATION IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE 12(b)(1) AND (6) AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. P. RULE 65**

    **MARY E. BRADY MARZOLLA**, hereby declares the following under the penalties of perjury:

    1.    I am a member of Feerick Nugent MacCartney PLLC, the attorneys of record for the Defendants VILLAGE OF POMONA, NY and its BOARD OF TRUSTEES (the "Defendant" or "Village") in the above-captioned action, and as such, I am fully familiar with the facts and circumstances presented herein.

    2.    I respectfully submit this Declaration [1] in support of the Village's motion to dismiss the Plaintiffs' Complaint in its entirety, pursuant to Fed. R. Civ. P. Rule 12(b)(1) and (6) and [2] in opposition to Plaintiffs' motion for a preliminary injunction pursuant to Fed. R Civ. P. 65.

1

3. I make this Declaration upon a review of court filings, public documents, submissions, and applications, including documentary evidence in the possession of my client and my Office, as well as upon my Office's investigation of the Parties and the Complaint's allegations and Plaintiffs' various admissions contained in the Complaint.

4. I make this Declaration in support of Defendants' motion to dismiss because Plaintiffs' petition to revoke two nondiscriminatory, decades-old local laws does not equate to a meaningful submission of a formal development proposal, building permit application, or any other conduct that would implicate or invoke the operation of the challenged zoning law so as to establish a concrete, particularized, and actual injury-in-fact that would afford Plaintiffs' standing in this Court.

5. The exhibits the Defendants rely upon are annexed hereto and are either [1] annexed to, referred to, and/or otherwise incorporated into Plaintiffs' Complaint, and/or other Federal filings; [2] relevant portions of the Village Code; [3] public filings in New York State and related-filings which this Court may take judicial notice of, pursuant to Federal Rule of Evidence Rule 201; or [4] the pre-motion correspondence by which the parties' secured approval to make their motions. Each is a true and complete copy of what it purports to be.

A. **The Petition and Complaint**

6. Annexed hereto as **Exhibit "A"** is Plaintiff College's "Petition" which states, in its entirety, as follows:

> WHEREAS, Congregation Rabbinical College of Tartikov, Inc. ("Tartikov") is a New York religious corporation formed to establish a rabbinical college as a Torah community for its students and teachers on property that it owns in the Village of Pomona;
>
> THEREFORE, Tartikov hereby petitions the Board of Trustees of the Village of Pomona, pursuant to Pomona Village Code §§ 130-35-45, to repeal Local Law No. 1 of 2001 and Local Law No. 5 of 2004. (See, ECF No. 1 – 1: "Petition for

Text Amendment").

The Petition contains no description of the text of the Zoning Chapter, no required description of what amendments were being proposed, and no reference to the subject matter in the Zoning Chapter that Plaintiffs sought to amend. The Petition demanded the Village repeal the two local laws *in toto*.

7. Annexed hereto as **Exhibit "B"** is a copy of Plaintiffs' Complaint, filed on August 6, 2020, which complains that the Defendants did not grant their petition and challenges certain provisions of Local Law No. 1 of 2001 and Local Law No. 5 of 2004 regarding "educational institutions" and "dormitories" of such institutions (the "Challenged Laws"). (See also ECF No. 1).

B. **The Plaintiff College**

8. Annexed hereto as **Exhibit "C"** is Plaintiff CONGREGATION RABBINICAL COLLEGE OF TARTIKOV, INC., ("Plaintiff College")'s certificate of incorporation as a religious corporation, organized under New York State Religious Corporations Law Article 10, filed with the Rockland County Clerk's Office on August 5, 2004 and further filed by Plaintiffs before this Court herein at ECF No. 38-1.

9. Annexed hereto as **Exhibit "D"** is the result of your declarant's search of the Rockland County Clerk's Office database at http://rocklandgov.com/departments/clerks-office/ on November 17, 2020, for the Plaintiff College indicating [1] no amendments to the aforementioned certificate of incorporation were subsequently filed by the Plaintiff College with the Rockland County Clerk's Office and that [2] no seals, approvals or authorizations by the State of New York Education Department, the Commissioner of Education of the State of New

York, or the University of the State of New York were subsequently filed by the Plaintiff College with the Rockland County Clerk's Office.

10.     Annexed hereto as **Exhibit "E"** are the results your declarant's search of the New York State Secretary of State's on-line corporate records database at https://appext20.dos.ny.gov/corp_public/CORPSEARCH.SELECT_ENTITYdatabase.  As of November 17, 2020, the New York State Secretary of State's on-line corporate records database revealed, for the Plaintiff College: "No business entities were found for CONGREGATION RABBINICAL COLLEGE OF TARTIKOV, INC." and "No business entities were found for CONGREGATION RABBINICAL COLLEGE OF TARTIKOV".

**C. The Challenged Laws**

11.     Annexed hereto as **Exhibit "F"** is Local Law No. 1 of 2001 of the Challenged Laws.

12.     Annexed hereto as **Exhibit "G"** is Local Law No. 5 of 2004 of the Challenged Laws.

**D. The Village Code**

13.     Annexed hereto is as **Exhibit "H"** is Pomona Village Code § 130-35, *et seq.* (Amendments), which provides that a "petition for any amendment of this chapter . . . shall describe the proposed changes." (See Village of Pomona Code § 130-36).

14.     The "chapter" referred to in § 130-36 is Chapter 130 of the Village Code (Zoning).  Accordingly, the amendments sought must describe the proposed changes to the language of the zoning chapter.

E.  **Plaintiffs' Inconsistent Admissions**

15. Annexed hereto as **Exhibit "I"** are pertinent portions of Plaintiffs' October 30, 2020 reply brief filed with the United States Supreme Court on their writ of certiorari from the Second Circuit's Opinion and Order, 945 F.3d 83 (2d Cir. 2019), stating, as follows:

- "The provisions of the Village Zoning Code enacted by the passage of Local Law 1 of 2001 *do not* prevent Petitioners from building and operating the planned rabbinical college" (Def. Ex. I – Plaintiffs' 10/30/2020 Reply Brief at p. 5) (emphasis in original);

- "[T]he provisions of Local Law of 2001 relevant to the claims remaining at issue are not in force and therefore do not injure Petitioners." (id. at p. 6);

- "There certainly would be a standing issue if Petitioners challenged specific zoning provisions that no longer exist."  (id. at p. 6, f.n. 2);

- "The former zoning code provisions enacted through Local Law 1 of 2001 *present no obstacle* to Petitioners in constructing, opening, and operating their planned rabbinical college." (id. at p. 7) (emphasis added).

This filing is also available at https://www.supremecourt.gov/docket/docketfiles/html/public/20-14.html.

F.  **Pertinent Matters Of Public Record**

16. As detailed in the accompanying Memorandum of Law, the Court may take judicial notice of documents publicly filed with the State of New York, including those confirming that each of the following cases cited by Plaintiffs involved educational institutions recognized by and registered with the New York State Department of Education and/or its subdivisions:

- Cornell Univ. v. Bagnardi, 68 N.Y.2d 583, 589 (1986) (Property owners/Cornell University and Sarah Lawrence College recognized by New York State Education Department as having registered programs – **Exhibit "J"** also available at http://www.nysed.gov/COMS/RP090/IRPS2A) and **Exhibit "K"** also available at http://www.nysed.gov/COMS/RP090/IRPS2A, respectively);

5

- Town of Islip v. Dowling Coll., 275 A.D.2d 366, 367 (2000) (Property owner/Dowling College then recognized by New York State Education Department as having registered programs – **Exhibit "L"** also available at http://www.nysed.gov/COMS/RP090/IRPS2A).

F. **Pre-Motion Correspondence**

17.   Annexed hereto as **Exhibit "M"** is Plaintiffs' Counsel's Pre-Motion Letter dated September 1, 2020, requesting permission to file a motion for a preliminary injunction. (See also ECF No. 18).

18.   Annexed hereto as **Exhibit "N"** is Defendants' Counsel's Letter, dated September 4, 2020, responding to Plaintiffs' Counsel's Pre-Motion Letter and, in turn, requesting permission to file a motion to dismiss the Plaintiffs' Complaint. (See also ECF No. 22).

19.   Annexed hereto as **Exhibit "O"** is the So-Ordered version of Plaintiffs' Counsel's Pre-Motion Letter dated October 14, 2020, signed by the Court on October 15, 2020, confirming permission to file the motions. (See also ECF No. 30).

## CONCLUSION

20.   Based upon this Declaration, its Exhibits, and the accompanying Memorandum of Law, the Defendants' motion to dismiss the Plaintiffs' Complaint should be granted in its entirety and the Plaintiffs' motion for a preliminary injunction should be denied.

I declare under the penalties of perjury that the foregoing is true and correct.

Dated:  South Nyack, New York
November 20, 2020

**/s/ Mary E. Brady Marzolla**
**MARY E. BRADY MARZOLLA (MEM1077)**

To: All Counsel (*via* ECF)

6