# EXHIBIT "M"

# SAVAD CHURGIN
## ATTORNEYS AT LAW

Paul Savad (1941-2020)
Joseph A. Churgin

55 OLD TURNPIKE ROAD – SUITE 209
(Rt. 59 & THRUWAY EXIT 14)
NANUET, NEW YORK 10954

Of Counsel:
Mark F. Goodfriend

Susan Cooper
Donna Sobel

(845) 624-3820
Fax: (845) 624-3821
Website:  SavadChurgin.com

September 1, 2020
**Via ECF**

The Honorable Kenneth M. Karas
US District Court for the  Southern District of New York
300 Quarropas Street
White Plains, NY  10601

Re:     *Congregation Rabbinical College of Tartikov, Inc., et al. v. Village of Pomona, et al.*,
7:20-cv-06158-KMK, Request for Pre-Motion Conference on Motion to Be Made
Pursuant to Fed. R. Civ. P. 65

We are counsel for Plaintiffs in this matter.  In compliance with your Honor's Individual
Rules of Practice, we write to request that the Court waive the pre-motion conference or, in the
alternative, schedule a pre-motion conference to grant Plaintiffs permission to move for
preliminary injunctive relief in the above-referenced matter (the "Motion").  Plaintiffs also request
an enlargement of the memoranda of law to  thirty pages due to the number and complexity of the
issues to be addressed.

In a preceding and related case, *see Congregation Rabbinical College of Tartikov, Inc. v.
Village of Pomona*, 280 F. Supp. 3d 426 (S.D.N.Y. 2017) ("*Tartikov III*"), this Court concluded
that four local laws adopted by the Village of Pomona ("the Village") violated the federal and state
constitutional and statutory rights of the Plaintiffs, Congregation Rabbinical College of Tartikov,
Inc., et al. ("Tartikov").  On appeal, the Second Circuit affirmed in part, vacated in part, and
reversed in part this Court's judgment.  *See Congregation Rabbinical College of Tartikov, Inc. v.
Village of Pomona*, 945 F.3d 83, 126 (2d Cir. 2019) ("*Tartikov IV*").  Of particular relevance to
this Motion, the Second Circuit vacated this Court's judgment in favor of Tartikov on certain
claims and with respect to certain challenged land use regulations.  It concluded that Tartikov
lacked standing to prosecute those claims—including Plaintiffs' *facial* challenges:

*Tartikov, however, never* submitted a formal proposal for the building project,
applied for a permit, or *engaged in any other conduct* that would implicate or
invoke the operation of the challenged zoning laws. Whatever harm may arise from
the application of the zoning laws to TRC's property is merely conjectural at this
time. '[C]onjectural' injuries do not suffice under Article III. We therefore lack
jurisdiction over Tartikov's free exercise, free speech, and free association claims
under the federal and New York constitutions, RLUIPA substantial burden and
exclusion and limits claims, FHA claims, and common law claims related to the
Berenson doctrine.

1

945 F.3d at 110 (emphasis added).

### *Tartikov's Text Amendment Petition Satisfies the Second Circuit's Demand for "Conduct that Implicates the Operation" of Local Law 5 of 2004.*

Tartikov disputes the Second Circuit's conclusion regarding standing.[1] Nonetheless, Tartikov sought to supply the step that the Second Circuit concluded was missing to resolve any remaining question as to Tartikov's standing. Consequently, Tartikov took the specific action the Village had recommended that would "implicate" the challenged provisions of the Village's Code. Tartikov filed a petition for a "text amendment" to repeal the challenged ordinances. Unsurprisingly, the Village Board *voted not to even consider* Tartikov's petition. There is nothing more that Tartikov can do.

Having undertaken conduct now that "implicates" the land use regulations that the Court of Appeals held Plaintiffs lacked standing to challenge as to certain claims, Tartikov unquestionably now has standing to challenge those regulations, which were invalidated in this Court's prior decision.

### *Tartikov Satisfies the Standards for Grant of a Preliminary Injunction.*

Tartikov can easily satisfy the requisites for a preliminary injunction:

> Generally, a party seeking a preliminary injunction must establish (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.

*Oneida Nation of New York v. Cuomo*, 645 F.3d 154, 164 (2nd Cir. 2011) (internal quotation marks omitted).[2]

### *Tartikov Can Make a Strong Showing of Irreparable Harm.*

Irreparable harm is "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir. 2015) (citation and internal quotation marks omitted). Here, Tartikov has alleged injury to it by the Village, implicating Tartikov's rights to Free Exercise and Freedom of Association under the United States Constitution, rights under the Substantial Burden provision of RLUIPA, and rights to religious liberty under the New York Constitution.

---

[1] On July 6, 2020, Tartikov petitioned the Supreme Court of the United States to review, on writ of certiorari, the Second Circuit's holding that it lacked standing to assert these claims. *See Congregation Rabbinical College of Tartikov, Inc. v. Village of Pomona*, Petition, No. 20-14 (brief in opposition requested Aug. 27, 2020).

[2] In circumstances in which a party seeks a mandatory injunction rather than a prohibitory one, the lower standard "sufficiently serious questions going to the merits of its claims to make them fair ground for litigation" gives place to the requirement that the applicant demonstrate a *substantial* likelihood of success. *See Forest City Daly Housing v. Town of N. Hempstead*, 175 F.3d 144, 149-150 & nn. 5, 6 (2d Cir. 1999).

Deprivation of those rights constitutes irreparable harm. "Violations of First Amendment rights are commonly considered irreparable injuries for the purposes of a preliminary injunction." *Bery v. City Of New York*, 97 F.3d 689, 693-94 (2d Cir. 1996) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"); 11A CHARLES A. WRIGHT, ARTHUR R. MILLER AND MARY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948.1 at 161 (2d ed. 1995) ("[w]hen an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary"); *Brewer v. West Irondequoit Central School District*, 212 F.3d 738, 744 (2d Cir. 2000)

**Tartikov's Motion Will Demonstrate a Clear and Substantial Likelihood of Success on the Merits**.

In the related case, Tartikov proved violations of their rights under the Substantial Burdens provision of RLUIPA, the First Amendment, the Fair Housing Act, and the New York Constitution. *Tartikov III*, 280 F. Supp. 3d at 482, 485-86, 493. Moreover, although the Second Circuit vacated that judgment on the absence of standing, it affirmed key findings of this Court regarding the effect of the challenged laws on the Plaintiffs' religious exercise and rejected the Village's substantive defenses regarding the same. Consequently, the Motion presents a very high likelihood of success on its claims.

**The Public Interest Favors Granting Relief.**

Tartikov's motion will demonstrate that the public interest favors granting relief under Rule 65. There is a "strong public interest in uncovering . . . civil rights violations . . . ." *Nat'l Cong. for Puerto Rican Rights ex rel. Perez v. City of New York*, 194 F.R.D. 88, 96 (S.D.N.Y. 2000); *Kitevski v. City of New York*, No. 04 CIV. 7402 RCC RLE, 2006 WL 680527, at *3 (S.D.N.Y. Mar. 16, 2006) ("the government has a vital interest in upholding civil rights"); *G & V Lounge, Inc. v. Michigan Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994) ("it is always in the public interest to prevent the violation of a party's constitutional rights. Thus, the public interest favors granting relief against such violations.").

Against that strong public interest, the Village does not "have an interest in the enforcement of an unconstitutional law." *New York Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 488 (2d Cir. 2013) (*quoting American Civil Liberties Union v. Ashcroft*, 322 F.3d 240, 247 (3d Cir. 2003)); *see also Airbnb, Inc. v. City of New York*, 373 F. Supp. 3d 467, 500 (S.D.N.Y. 2019) (*quoting Amarin Pharma., Inc. v. FDA*, 119 F. Supp. 3d 196, 237 (S.D.N.Y. 2015) ("[e]njoining an unconstitutional regulatory scheme 'serves the public interest . . . because the Government does not have an interest in the unconstitutional enforcement of a law.")).

Based on the foregoing, the Plaintiffs respectfully request permission to submit their motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65.

Respectfully submitted,

Joseph A. Churgin

3

To: All Counsel of Record via ECF