# EXHIBIT "N"

# FEERICK NUGENT MacCARTNEY PLLC
Attorneys at Law

**ROCKLAND COUNTY OFFICE**
96 South Broadway
South Nyack, New York 10960
Tel: 845-353-2000
Fax: 845-353-2789

| | | |
|---|---|---|
| DONALD J. FEERICK, JR. | | JENNIFER M. FEERICK |
| BRIAN D. NUGENT* | **Orange County Office** | STEPHEN M. HONAN*+ |
| J. DAVID MacCARTNEY, JR. | 6 Depot Street, Suite 202 | ALAK SHAH* |
| MARY E. MARZOLLA* | Washingtonville, NY 10992 | PATRICK A. KNOWLES* |
| ------------- | (Not for service of papers) | JOHN J. KOLESAR III |
| **OF COUNSEL** | | PATRICK J McGORMAN |
| DAVID J. RESNICK | www.fnmlawfirm.com | |
| KEVIN F. HOBBS | | *Licensed also in New Jersey |
| MICHAEL K. STANTON, JR. | | +Licensed also in Connecticut |

**All correspondence must be sent to Rockland County Office**

September 4, 2020

<u>By ECF</u>

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

   Re: <u>Cong. Rabbinical Coll. of Tartikov, Inc., et al. v. Village of Pomona, et al.</u>
      7:20-cv-06158 (KMK)

Your Honor:

We represent the Village of Pomona and its Officials (collectively, the "Village") in the above-referenced action and respectfully submit this letter pursuant to Your Honor's Memo Endorsement Order at ECF No. 20, in response to Plaintiffs' request for permission to move for preliminary injunctive relief.

Our ability to respond to Plaintiffs' request is hampered by the lack of substance and specificity in Plaintiffs' letter to the Court. Plaintiffs do not set forth the basis for their motion and offer no indication or detail of what it is that Plaintiffs seek to preliminary enjoin. For this failure alone, the Court should deny Plaintiffs' request. <u>See</u> Fed. R. Civ. P. 65.

Indeed, Plaintiffs' pre-motion letter makes no effort to meet the standard of specificity required for a preliminary injunction. <u>Sanders v. Air Line Pilots Ass'n, Int'l</u>, 473 F.2d 244, 247 (2d Cir. 1972) ("The normal standard of specificity is that the party enjoined must be able to ascertain from the four corners of the order precisely what acts are forbidden.") (citations omitted). Because of their failure, the Village lacks appropriate notice and no relief can be afforded to Plaintiffs. <u>Sanders</u>,

## FEERICK NUGENT MacCARTNEY PLLC

Hon. Kenneth M. Karas, U.S.D.J.
September 4, 2020
P a g e | 2

473 F.2d at 247-48 (affirming refusal to grant motion for preliminary injunction where the movant's proposed injunction "fail[ed] to describe in reasonable detail the 'act or acts sought to be restrained.") (citing Fed. R. Civ. P. 65(d)).

In Sanders, for example, the Second Circuit explained that Rule 65(d) "reflects Congress' concern with the dangers inherent in the threat of a contempt citation for violation of an order so vague that an enjoined party may unwittingly and unintentionally transcend its bounds." Sanders, 473 F.2d at 247 (citing Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 76 (1967)); Schmidt v. Lessard, 414 U.S. 473, 476 (1974) (per curiam) ("basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed."); see also § 2949 Procedure on an Application for a Preliminary Injunction, 11A Fed. Prac. & Proc. Civ. § 2949 (3d ed.) (Rule 7 requires the motion "describe the preliminary injunction sought and state with particularity the grounds for granting it.").

To sum up thus far: Plaintiffs do not provide sufficient information to enable the Court to render an order that complies with Rule 65(d), and by their lack of information, Plaintiffs take from the Village their ability to respond herein. Plaintiffs' request should be denied.

It is well-established that preliminary injunction relief is an extraordinary and drastic remedy that should not be routinely granted. Patton v. Dole, 806 F.2d 24, 28 (2d Cir. 1986) (citation omitted). Generally, the movant must demonstrate "(1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Zino Davidoff SA v. CVS Corp., 571 F.3d 238, 242 (2d Cir. 2009) (citation omitted). But where a party seeks a preliminary injunction against a municipality, such as the Village, a heightened showing applies. Forest City Daly Hous., Inc. v. Town of N. Hempstead, 175 F.3d 144, 149 (2d Cir. 1999). The "fair ground for litigation" standard is inapplicable; a "likelihood of success" must be shown. And "[a]n even more rigorous standard—requiring a 'clear' or 'substantial' showing of likelihood of success—applies where "(i) an injunction will alter, rather than maintain, the status quo, or (ii) an injunction will provide the movant with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at a trial on the merits." Id. at 149-150. Plaintiffs have not met any standard.

Plaintiffs cannot make a strong showing of irreparable harm in the absence of an injunction, since they do not even describe what conduct the injunction would prevent. Nor can they show that the public interest favors granting an injunction for the same and other reasons.

Plaintiffs' argument that they have a clear and substantial likelihood of success also fails. Plaintiffs' claims under the Substantial Burdens provision of RLUIPA, the First Amendment, the Fair Housing Act, and New York Constitution are based on the District Court finding that the 2001 and 2004 Local Laws were enacted with a discriminatory purpose and that discriminatory animus was a significant factor in their passage. More particularly, Plaintiffs assert that "Tarikov

# FEERICK NUGENT MacCARTNEY PLLC

Hon. Kenneth M. Karas, U.S.D.J.
September 4, 2020
P a g e | 3

proved violations of their rights under the Substantial Burdens provisions of RLUIPA, the First Amendment, the Fair Housing Act, and the New York Constitution" and say that the Second Circuit "affirmed key findings of this [District] Court regarding the effect of the challenged laws on the Plaintiffs' religious exercise and rejected the Village's substantive defenses regarding same." Yet, the Second Circuit did the opposite. The Second Circuit determined that neither the 2001 Local Law nor 2004 Local Law was enacted with discriminatory intent/motivation or had a discriminatory effect on religion, either facially or as-applied. Plaintiffs cannot relitigate the Second Circuit's holdings by simply filing a deficient petition for a "text amendment" *to repeal* non-discriminatory local laws. Plaintiffs do not have a clear and substantial likelihood of success on the merits.

Moreover, Plaintiffs cannot overcome the Second Circuit's settled ripeness requirement by unilaterally claiming to have filed a meaningful application when they have not as a matter of law. A real text amendment identifies the provisions sought to be amended or repealed and is not merely a one line submission requesting the repeal of a 16- or 19-year-old local law with no description, no context, and no reasons asserted. For example, if Plaintiffs' claim is that the accreditation requirement prevents them from building, then the text amendment could have proposed modification of that language. Instead, the proposed text amendment sought to repeal the entire law, which would remove the definition of an education institution and all criteria associated with approving an educational institution. The Village would be left with no guidance for any educational institution in the municipality. In other words, Plaintiffs filed a meaningless text amendment application, which Plaintiffs almost certainly anticipated would result in a denial – albeit a discretionary legislative one – as a feigned predicate to confer standing. But no denial of the text amendment occurred. No motion was made to consider or review it when it was presented, and the only motion was to authorize the return of the application fee to Tartikov. Such an application is not a meaningful petition under <u>Williamson</u>, etc., and any determination thereon cannot provide requisite Article III standing. Nor can they demonstrate any likelihood of success on the merits under settled Second Circuit case law.

For these reasons, Plaintiffs' request should be denied.

Respectfully submitted,

/s/ Patrick A. Knowles
Patrick A. Knowles, Esq.

cc:  All Counsel of Record (By ECF)
     Mary E. Marzolla, Esq.
     Brian D. Nugent, Esq.