MEMO ENDORSED

# SAVAD CHURGIN
## ATTORNEYS AT LAW

Paul Savad (1941-2020)
Joseph A. Churgin

55 OLD TURNPIKE ROAD – SUITE 209
(Rt. 59 & THRUWAY EXIT 14)
NANUET, NEW YORK 10954

Of Counsel:
Mark F. Goodfriend

Susan Cooper
Donna Sobel

(845) 624-3820
Fax: (845) 624-3821
Website: SavadChurgin.com

January 13, 2021

**Via ECF**
The Honorable Kenneth M. Karas
US District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: *Congregation Rabbinical College of Tartikov, Inc., et al. v. Village of Pomona, et al.*, 7:20-cv-06158-KMK,

We are counsel for Plaintiffs in this matter. We write to ask the Court's permission to submit a short sur-reply in response to Defendants' reply in their motion to dismiss. This request is based on two new issues raised by Defendants in their Reply that require correction:

1. Facial challenge. First, Defendants falsely claim that "Plaintiffs only alleged an unripe, as-applied challenge, and not a facial challenge." Reply at 2-4. This is untrue, as Plaintiffs alleged both facial and as-applied challenges. See, e.g., Complaint ¶¶ 261 ("Defendants' laws (on their face and as applied to Plaintiffs) . . . ."), 265, 269, 271 and 274.

2. "Waiver" Provision. Second, for the first time in seventeen years, the Village argues (incorrectly) that Section 130-28(E)(4)(c) allows the Board of Trustees to "waive" the use definitions of "Educational Institution" and "Dormitory." This about-face alters the Village's long-held position that the only way Tartikov's Rabbinical College can exist on the subject property is through a text amendment/zone change. Nor is such a reversal supported by law as that provision, which is authorized by New York Village Law § 7-725-b(5), only applies to special use permit requirements, and not to the use itself, which is defined elsewhere in the Code. The provisions challenged here—that Educational Institutions must be accredited and that permitted Dormitories do not include student family dwellings—are not part of the special use permit requirements described in Section 130-10(F) of the Village's Code. In fact, since Plaintiffs' proposed use is outside the definitions of the Code, there is no basis upon which a special use permit application can proceed to be reviewed by the "authorized body."

This is the sur-reply.

Respectfully submitted,

*/s/ Joseph Churgin*

So Ordered.

*/s/ K*
1/13/21

JOSEPH A. CHURGIN

1

JC/mc

cc: All Counsel via ECF