# SAVAD CHURGIN
## ATTORNEYS AT LAW

Paul Savad (1941-2020)
Joseph A. Churgin

**Of Counsel**
Susan Cooper
Donna Sobel
Mark F. Goodfriend
Gary Lipton

55 OLD TURNPIKE ROAD – SUITE 209
(Rt. 59 & THRUWAY EXIT 14)
NANUET, NEW YORK 10954

(845) 624-3820
Fax: (845) 624-3821

July 1, 2021

**Via ECF**

The Honorable Kenneth M. Karas, USDJ
US District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

  Re: *Congregation Rabbinical College of Tartikov, Inc., et al. v. Village of Pomona, et al.*,
    7:20-cv-06158-KMK

  We are counsel for Plaintiffs ("Tartikov") in this matter. We request permission to submit this Notice of Supplemental Authority to address the recent relevant decision by the Supreme Court in *Pakdel v. City & Cty. of San Francisco, California*, No. 20-1212, 2021 WL 2637819 (U.S. June 28, 2021) (per curiam). In *Pakdel v. City & Cty. of San Francisco* the Supreme Court vacated a Ninth Circuit decision holding that a challenge to a city ordinance was not ripe for review because the plaintiffs failed to use available administrative procedures that provided the city with "broad authority over condominium conversions in the City, including discretion to grant relief from conversion requirements." *Pakdel v. City & Cty. of San Francisco*, 952 F.3d 1157, 1165 (9th Cir. 2020). The panel had concluded that the plaintiffs' regulatory "takings claim remain[ed] unripe because they never obtained a final decision regarding the application of the Lifetime Lease Requirement to their Unit." 952 F.3d at 1163. This decision has profound implications for the case at bar.

  The Supreme Court rejected the Ninth Circuit's holding that parties must use available administrative processes where a regulation's impact is clear, explaining that such an application of the ripeness doctrine would effectively impose an "exhaustion" requirement, which is not a prerequisite to actions brought under 42 U.S.C. § 1983. *Pakdel*, 2021 WL 2637819, at *2-*3 (citing *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019), and the dissents from the panel decision and denial of rehearing *en banc*, 952 F.3d at 1170; 977 F. 3d 928, 929, 934 (2020)). It explained:

  The rationales for the finality requirement underscore that <u>nothing more than *de facto*</u>

<u>finality is necessary</u>. This requirement ensures that a plaintiff has actually "been injured by the Government's action" and is not prematurely suing over a hypothetical harm. *Horne*, 569 U. S., at 525. Along the same lines, because a plaintiff who asserts a regulatory taking must prove that the government "regulation has gone 'too far,' " the court must first "kno[w] how far the regulation goes." *MacDonald, Sommer & Frates* v. *Yolo County*, 477 U. S. 340, 348 (1986). Once the government is committed to a position, however, these potential ambiguities evaporate and the dispute is ripe for judicial resolution.

The Ninth Circuit's contrary approach—that a conclusive decision is not "final" unless the plaintiff *also* complied with administrative processes in obtaining that decision—is inconsistent with the ordinary operation of civil-rights suits. Petitioners brought their takings claim under § 1983, which "guarantees 'a federal forum for claims of unconstitutional treatment at the hands of state officials.' " *Knick*, 588 U. S., at ___ (slip op., at 2). That guarantee includes "the settled rule" that "exhaustion of state remedies is *not* a prerequisite to an action under ... § 1983." *Ibid.* (internal quotation marks omitted). In fact, one of the reasons *Knick* gave for rejecting *Williamson County*'s state-compensation requirement is that this rule had "effectively established an exhaustion requirement for § 1983 takings claims." *Knick*, 588 U. S., at ___ (slip op., at 12).

*Pakdel*, 2021 WL 2637819, at *3 (first emphasis added).

As in *Pakdel*, there is no ambiguity as to the regulations at issue here. The Village's laws <u>prohibit</u> non-accredited educational institutions outright, they <u>prohibit</u> Tartikov's student housing outright, and <u>no</u> variance or special permit is available to permit such use. The Village has never disputed these facts, and no court has found to the contrary. The Village has only argued that Tartikov must seek a "text amendment" to change the Village's laws before any challenge can be deemed ripe. Whether seeking a text amendment is considered an "administrative" or a "legislative" action, *Pakdel* holds that no such effort is necessary where "'there [is] no question . . . about how the <u>regulations at issue</u> apply to the particular land in question.'" *Pakdel*, 2021 WL 2637819, at *2 (citing *Suitum v. Tahoe Reg'l Plan. Agency*, 520 U.S. 725, 739 (1997)) (emphasis added). Here, there is "*de facto* finality." *Id.*, 2021 WL 2637819, at *3. Significantly, the Court held:

For the limited purpose of ripeness, however, <u>ordinary finality</u> is sufficient.

*Id.* (emphasis added). The doctrine of "ordinary finality," of course, understands that "'facial' challenges to regulation are generally ripe the moment the challenged regulation or ordinance is passed, . . . ." *Suitum*, 520 U.S. at 736.

Nor is there any question that "the [Village's] 'definitive position on the issue [has] inflict[ed] an actual, concrete injury,'" *Pakdel*, 2021 WL 2637819, at *2, as Tartikov is "requir[ed] to choose between" continuing to be unable to educate rabbinical judges "or facing the wrath of the government." *Id.*; *see* Village of Pomona Code § 130-9(A) ("All uses listed hereunder are permitted in the R-40 District; all others not listed are prohibited, except as provided in §§ 130-10 and 130-11."); *id.* § 130-24 ("Any . . . corporation . . . who shall violate any provision of this chapter, . . . shall be liable to a fine not to exceed $5,000 and/or

imprisonment not to exceed 15 days, or by both such fine and imprisonment.").

To the extent that the Second Circuit's decision in *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, NY*, 945 F.3d 83, 110 (2d Cir. 2019), required Tartikov to engage in additional administrative or legislative processes to establish standing, it is therefore contrary to *Pakdel*, and to that extent it must be disregarded.1  Plaintiffs' claims should be held to be ripe for review.

Respectfully submitted,

*/s/ Joseph A. Churgin*

JOSEPH A. CHURGIN
JC/mc
cc:     All Counsel via ECF

---

1 Although *Pakdel* involved a Takings claim, it would be absurd to continue to apply the finality rule of *Williamson Cty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), to other types of § 1983 (or RLUIPA) claims in a manner that contradicts *Pakdel*, when *Williamson County* itself involved a Takings claim.