# FEERICK NUGENT MacCARTNEY PLLC
## ATTORNEYS AT LAW

DONALD J. FEERICK, JR.
BRIAN D. NUGENT
J. DAVID MacCARTNEY, JR.
MARY E. MARZOLLA*

OF COUNSEL
DAVID J. RESNICK
KEVIN F. HOBBS
MICHAEL K. STANTON, JR.

ROCKLAND COUNTY OFFICE
96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960
TEL. 845-353-2000   FAX. 845-353-2789

ORANGE COUNTY OFFICE
6 DEPOT STREET, SUITE 202
WASHINGTONVILLE, NEW YORK 10992
*(Not for service of papers)*

www.fnmlawfirm.com

*All correspondence must be sent to Rockland County Office*

JENNIFER M. FEERICK
STEPHEN M. HONAN*+
ALAK SHAH*
PATRICK A. KNOWLES*
PATRICK J. McGORMAN
ROBERT ZITT

*LICENSED ALSO IN NEW JERSEY
+LICENSED ALSO IN CONNECTICUT

July 2, 2021

*By ECF*

Honorable Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York  10601

      Re:   *Congregation Rabbinical College of Tartikov, Inc., et al. v. Village of Pomona, et al.*
                7:20-cv-06158 (KMK)

Your Honor:

We represent the Village Defendants in this action, and respectfully write in response to Plaintiffs' July 1, 2021 letter for "permission to submit [a] Notice of Supplemental Authority" (ECF No. 60) ("Pls.' Supp. Auth. Ltr."). In what is really Plaintiffs' second sur-reply[1] disguised as a Notice of Supplemental Authority, Plaintiffs misreport the Supreme Court's seven-page Order in *Pakdel v. City & Cty. Of San Francisco, California*, 594 U.S. ___ (2021). It does not affect this case.

First, *Pakdel* concerned a Fifth Amendment regulatory takings claim, which is not brought here. And unlike here, *Pakdel* did not involve a hypothetical building project where no application for development was made. In fact, *Pakdel* did not concern a development project at all. Rather, the municipal action challenged there was a requirement that where property was converted from a tenancy-in-common to a condominium style arrangement, all non-occupant owners of the property had to offer lifetime leases to their tenants (*i.e.*, surrender their property pursuant to government mandate). *Id.* (slip op. at 2). There, after the plaintiffs' and their co-owners' obtained conversion of their building from the municipal defendants, the plaintiffs (who were non-occupant owners of the building) twice requested the defendants either excuse them from the lifetime lease requirement or compensate them for the lease. *Id.* The defendants denied their requests and told the plaintiffs to "'execute the lifetime lease' or 'face an enforcement action.'" *Id.* (slip op. at 2, 5). The facts are not analogous.

---

[1] After the parties' respective motions were fully submitted, Plaintiffs filed their first sur-reply (ECF No. 54), which the Village responded to (ECF No. 55).

**FEERICK NUGENT MacCARTNEY, PLLC**
July 2, 2021
P a g e | 2

Second, *Pakdel* does not alter the state of the law at all. The Supreme Court merely reiterated [1] that *Knick v. Township of Scott*, 588 U.S. ___ (2019) "repudiated *Williamson County*'s requirement that a plaintiff must seek compensation in state court [before bringing a §1983 takings claim]", *Pakdel* (slip op. at 3), and [2] the long-ago-established law that exhaustion of administrative remedies is not a *per se* prerequisite to ripen a § 1983 takings claim, *id.* (slip op. at 6). *Pakdel* simply restated existing, uncontroversial law, and thus, does not have "profound implications for the case at bar" as Plaintiffs wrongly claim (Pls.' Supp. Auth. Ltr. at 1).

Indeed, courts have never mechanically required plaintiffs to adhere to specific administrative procedures as a mandatory prerequisite to meet the finality requirement under *Williamson County*. *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172, 192 (1985) ("The question whether administrative remedies must be exhausted is conceptually distinct, however, from the question whether an administrative action must be final before it is judicially reviewable."); *see also Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 349 (2d Cir. 2005) ("[T]he finality requirement is not mechanically applied."). *Pakdel* changes nothing – before bringing a lawsuit, plaintiffs must obtain a "final" decision from the decision-making body that has inflicted an actual, concrete injury to ensure that a plaintiff does not prematurely sue based on a hypothetical harm. *Pakdel* (slip op. 1, 5-6.) And here, Plaintiffs have not identified a final decision by the Village. Their supposed harm (like their supposed building project) is hypothetical. To be sure, this Court explained in the prior *Taritkov* action, 915 F. Supp. 2d 574, 600 (S.D.N.Y. 2013) as follows: "Instead of identifying a final decision by Defendants to reject a particular land development plan, Plaintiffs have cited only the zoning ordinances that they believe would bar them from building a rabbinical college . . . ." The same situation exists today.

Simply put, the *Pakdel* Supreme Court held that the Ninth Circuit erred by applying mechanical form instead of fact-sensitive inquiry to the finality requirement. The Ninth Circuit – relying on "cases that applied the now-defunct state-litigation requirement[,]"[2] *Pakdel*, 952 F.3d 1157, 1171 (9th Cir. 2020 (Bea, C.J., dissenting) – held that the plaintiffs' taking claim was unripe because, as articulated by the Supreme Court:

> Although the city had twice denied their requests for the exemption—and in fact the "relevant agency c[ould] no longer grant" relief—the [Ninth Circuit] panel reasoned that this decision was not truly "final" because petitioners had made a belated request for an exemption at the end of the administrative process instead of timely seeking one "through the prescribed procedures." (citation omitted). In other words, [according to the Ninth Circuit] a conclusive decision is not really "final" if the plaintiff did not give the agency the "opportunity to exercise its 'flexibility or discretion'" in reaching the decision. (citation omitted).

*Pakdel* (slip. op. at 4-5) (first alteration in original).

---

[2] *Knick* eliminated the state-litigation requirement but not the finality requirement. *Sagaponack Realty, LLC v. Village of Sagaponack*, 778 F. App'x 63, 64 (2d Cir. 2019).

**FEERICK NUGENT MacCARTNEY, PLLC**
July 2, 2021
P a g e | 3

In other words, the Ninth Circuit held that the plaintiffs' takings claim was automatically unripe simply because their administrative request was timely flawed, despite that a final decision existed. This was an error because the inquiry is "fact-sensitive," *Murphy*, 402 F.3d at 350, and the Supreme Court determined that the defendants had reached a final decision under that analysis. In fact, the defendants there *admitted they had reached a definitive decision*; the Supreme Court did not overlook this concession: "In this case, there is no question about the city's position: Petitioners must 'execute the lifetime lease' or face an 'enforcement action.' Brief for Respondents 9." *Pakdel* (slip op. at 4-5). As such, the Supreme Court held that "there is no question that the government's 'definitive position on the issue [has] inflict[ed] an actual, concrete injury' of requiring petitioners to choose between surrendering possession of their property or facing the wrath of the government." *Id.* (slip. op. at 5) (alterations in original).

Here, Plaintiffs ignore the foregoing and instead mislead by quoting language without context from the Supreme Court's and Ninth Circuit's rulings. Plaintiffs attempt to analogize this case to *Pakdel* by conclusory saying that the Village has reached a "definitive position on the issue" that has inflicted an actual, concrete injury on Tartikov because it is "'requir[ed] to choose between' continuing to be unable to educate rabbinical judges 'or facing the wrath of the government.'" (Pls.' Supp. Auth. Ltr. at p. 2). Yet, Plaintiffs point to no conduct by the Village[3] that causes Tartikov to either not educate rabbinical judges or face the Village's "wrath."[4] This case is just not similar to *Pakdel* – while the municipal defendants there [1] denied the plaintiffs' two requests for an exemption from the lifetime lease requirement, [2] told the plaintiffs that they had to either offer a lifetime lease (*i.e.*, surrender their property) or face an enforcement action, and [3] admitted they had reached a final decision; the Village here has *not* [1] denied any building project application or other development proposal, [2] forced Tartikov to choose between surrendering their property or facing an "enforcement action", or [3] reached a final decision. Plaintiffs' present case was brought based on Tartikov's perfunctory "petition" that asked the Village to wholesale repeal two non-discriminatory, generally applicable, legislatively enacted local laws. But had the Village granted the petition, no educational use would have been permitted in the Village at all. Plaintiffs have never addressed this irreconcilable contradiction.

Finally, Plaintiffs misrepresent that "the Village has never disputed" that "no variance or permit is available" and "the Village has only argued that Tartikov must seek a 'text amendment' to change the Village's laws before any challenge can be deemed ripe." (Pls.' Supp. Auth. Ltr. at p. 2). This is not true. The Village respectfully refers the Court to the Village's reply memorandum at pages 7-8 (ECF No. 53) as well as the Village's opposition to Plaintiff's sur-reply request (ECF Nos. 55).

---

[3] To establish Article III standing, a plaintiff must show that they suffered an "injury in fact" that is "fairly traceable" *to the defendant's conduct* and would likely be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 560-561 (1992).

[4] As previously explained, Plaintiffs failed to plausibly allege that "Congregation Rabbinical College of Tartikov, Inc." is permitted to hold itself out, conduct business, and operate as a "college" in the Village or elsewhere in the State, pursuant to New York State Law (ECF No. 45 at pp. 19-25, ECF No. 8-10). Thus, it is unknown how Tartikov would educate rabbinical judges, when it cannot conduct business or operate as a college.

**FEERICK NUGENT MacCARTNEY, PLLC**
July 2, 2021
P a g e | 4


Respectfully submitted,

/s/ Patrick Knowles
Patrick A. Knowles


cc: All Counsel of Record (*By ECF*)
      Brian D. Nugent, Esq.
      Mary E. Marzolla, Esq.