UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONGREGATION RABBINICAL
COLLEGE OF TARTIKOV, INC., *et al.*,

                Plaintiffs,

v.

VILLAGE OF POMONA, *et al.*,

                Defendants.

No. 20-CV-6158 (KMK)

OPINION & ORDER

---

Appearances:

Joseph A. Churgin, Esq.
Donna C. Sobel, Esq.
Savad Churgin, Attorneys at Law
Nanuet, NY
*Counsel for Plaintiffs*

Roman P. Storzer, Esq.
Storzer & Associates, P.C.
Washington, DC
*Counsel for Plaintiffs*

John G. Stepanovich, Esq.
Stepanovich Law P.L.C.
Virginia Beach, VA
*Counsel for Plaintiffs*

Brian D. Nugent, Esq.
Matthew W. Lizotte, Esq.
Patrick J. McGorman, Esq.
Feerick Nugent MacCartney PLLC
South Nyack, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

    Congregation Rabbinical College of Tartikov, Inc. ("Tartikov") and several individuals (collectively "Plaintiffs") brought this Action against the Village of Pomona (the "Village") and

the Board of Trustees of the Village of Pomona (the "Board," collectively "Defendants"), challenging certain zoning ordinances enacted by the Village. (*See* Compl. (Dkt. No. 1).) Before the Court is Defendants' Motion for Attorneys' Fees. (Not. of Mot. (Dkt. No. 90).) For the following reasons, the Motion is denied.

## I.  Background

### A.  Factual Background & Prior Case History

This is the last act of long-running litigation dating back to 2007. It revolves around Plaintiffs' proposal to build a rabbinical college on a 100-acre plot of land they own within the Village. *See Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, 280 F. Supp. 3d 426, 434 (S.D.N.Y. 2017), *aff'd in part, rev'd in part and remanded*, 945 F.3d 83 (2d Cir. 2019). In particular, it concerns Plaintiffs' challenge to "certain zoning and environmental ordinances enacted by the Village" (the "challenged laws"), which operated to "prevent the construction of Tartikov's rabbinical college." *Id*. at 434, 444.

Plaintiffs raised several challenges to those laws and were partially successful. Specifically, this Court held that Tartikov "established violations of the First and Fourteenth Amendments of the United States Constitution, certain provisions of RLUIPA, the FHA, and §§ 3, 9, and 11 of the New York State Constitution." *Id*. at 495. And it issued a final injunction in which the Village was "enjoined from applying the provisions of Local Law No. 1 of 2001, Local Law No. 5 of 2004, Local Law No. 1 of 2007, and Local Law No. 5 of 2007 to the Subject Property owned by Plaintiff Congregation Rabbinical College of Tartikov, Inc. in the Village of Pomona, New York." (*See* Judgment and Mandatory Injunction (Dkt. No. 356, 07-CV-6304 Dkt).)

On appeal, the Second Circuit affirmed in part and reversed in part. The Second Circuit agreed that the Village's two 2007 laws discriminated against Plaintiffs in violation of the Equal

2

Protections Clause. *Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, 945 F.3d 83, 124 (2d Cir. 2019). But, relevant here, it reversed as to the 2001 and 2004 laws in part because Plaintiffs lacked standing. *Id*. at 110. Plaintiffs, the Second Circuit explained, had "never submitted a formal proposal for the building project, applied for a permit, or engaged in any other conduct that would implicate or invoke the operation of the challenged zoning laws." *Id*. Any harm "from the application of the zoning laws to [Plaintiffs'] property [was therefore] merely conjectural." *Id*.

Following that decision, Tartikov attempted to engage in "conduct that would implicate . . . the operation of the challenged zoning laws." (Pl's Opp. to Defs' Mot. ("Pls' Mem.") 4 (Dkt. No. 96).) Namely, Tartikov petitioned the Village for an amendment under which the Village would be prevented from "applying the provisions of Local Law No. 1 of 2001 [and] Local Law No. 5 of 2004" to Tartikov. (*Id*. at 3.) *See Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, No. 20-CV-6158, 2021 WL 4392489, at *7 (S.D.N.Y. Sept. 24, 2021), *aff'd*, No. 21-2822, 2022 WL 1697660 (2d Cir. May 27, 2022). Tartikov then challenged the 2001 and 2004 laws again, arguing that, this time, it "availed itself of the only conduct available to it that may permit its Rabbinical College use." (Compl. ¶ 221.)

In that case—the underlying Action—the Court ultimately granted Defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Tartikov*, 2021 WL 4392489, at *10. The Court explained that Plaintiffs—who still had not "submitted a formal development plan for the Rabbinical College"—failed to allege "a cognizable injury." *Id*. at *9–10. Although Plaintiffs had attempted to prevent the Village from enforcing the challenged laws, the lack of a project proposal meant that the Parties never engaged in the "give-and-take negotiation that often resolves land use problems." *Id*. at *7 (quotation marks omitted). The Village, therefore, never

3

"rendered a definitive position regarding Plaintiffs' desire to build a Rabbinical College," leaving the Action unripe for adjudication. *Id*. at *9. Plaintiffs appealed, and the Second Circuit affirmed. *Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, No. 21-2822, 2022 WL 1697660 (2d Cir. May 27, 2022).

B. Procedural History

On September 14, 2022, Defendants moved for appellate attorneys' fees pursuant to 42 U.S.C. § 1988. (Not. of Mot.; Defs' Mem. of Law in Supp. of Mot. ("Defs' Mem") (Dkt. No. 92); Decl. of Brian D. Nugent in Supp. of Mot. (Dkt. No. 91).) Plaintiffs filed their Opposition on November 15, 2022. (*See* Pl's Mem.) And Defendants filed their reply on December 15, 2022. (Defs' Reply Mem. of Law ("Defs' Reply") (Dkt. No. 97).)

On July 23, 2023, counsel for Plaintiffs advised that the Parties were engaged in global settlement discussions and requested a stay of the fee motion for the pendency of those discussions. (Letter from Joseph A. Churgin, Esq., to Court (July 23, 2023) (Dkt. No. 98).) The Court initially stayed the case for 30 days starting on June 26, 2023, (*see* Memo Endorsement (Dkt. No. 99)), and later extended the stay through October 2, 2023, (*see* Memo Endorsement (Dkt. N0. 103)). In a letter dated November 28, 2023, counsel for Defendants advised that the Parties concluded settlement discussions and requested a ruling on the instant Motion. (Letter from Brian D. Nugent, Esq., to Court (Nov. 28, 2023) (Dkt. No. 112).)

II. Discussion

Defendants, pursuant to 42 U.S.C. § 1988, request $87,037.50 in fees incurred throughout their successful appeal in this Action. (Nugent Decl. ¶ 7.) Plaintiffs argue that the Court lacks jurisdiction to decide the instant Motion because the underlying Action was dismissed on standing grounds. (Pls' Mem. 8–13.) The Court is obliged to consider that argument first, and it agrees. *See Tao v. Elite Cold Storage, LLC*, No. 23-CV-6599, 2023 WL 7738490, at *1

4

(S.D.N.Y. Nov. 15, 2023) ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006))); *accord MLC Fishing, Inc. v. Velez*, 667 F.3d 140, 143 (2d Cir. 2011) (per curiam).

A. Legal Framework

42 U.S.C. § 1988 allows a court to award attorneys' fees to "the prevailing party" "[i]n any action or proceeding to enforce a provision of . . . [42 U.S.C. §] 1983," and other substantive sections of the civil rights laws. 42 U.S.C. § 1988(b); *see also Chabad Lubavitch of Litchfield Cnty., Inc. v. Borough of Litchfield*, No. 09-CV-1419, 2020 WL 1527239, at *2 (D. Conn. Mar. 31, 2020) (considering a motion for appellate attorneys' fees pursuant to Section 1988).[1] Here, there is no dispute here that Defendants "prevail[ed]" in a "proceeding" under [S]ection 1988 when they obtained a dismissal of Plaintiffs' Complaint and when they successfully defended that judgment on appeal. (*See* Defs' Mem. 8–9; *see generally* Pls' Mem. (appearing to assume the Village is a "[p]revailing [d]efendant").) The Second Circuit, however, has held that "[w]here there is no subject matter jurisdiction to proceed with the substantive claim, as a matter of law [t]hat lack of jurisdiction bar[s] an award of attorneys['] fees under Section 1988." *W.G. v. Senatore*, 18 F.3d 60, 64 (2d Cir. 1994) (citation and quotation marks omitted).

In the thirty years since *W.G.* was decided, the Second Circuit and numerous district courts have reinforced that understanding. *See Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 123 (2d Cir. 2013) (stating that, "in the absence of statute, federal courts lack authority to assess costs when subject matter jurisdiction is lacking" (citing *W.G.*, 18 F.3d at

---

[1] Although the Second Circuit may determine appellate fees, "district courts are generally best suited to the task." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 144 (2d Cir. 2007) (citing *Dague v. City of Burlington*, 976 F.2d 801, 804–05 (2d Cir. 1992)).

5

64 & n.1)); *see also Young v. Young*, No. 15-CV-675, 2015 WL 3795871, at *4 (E.D.N.Y. June 17, 2015) ("As the Court lacks jurisdiction over this action, it also lacks jurisdiction to award attorneys' fees to defendant."); *EMI Ent. World, Inc. v. Karen Recs., Inc.*, No. 05-CV-390, 2015 WL 1623805, at *1 (S.D.N.Y. Feb. 27, 2015) ("As a preliminary matter, this Court is unable to entertain Defendants' motion for attorneys' fees because it lacks jurisdiction over this case."); *Ecogen, LLC v. Town of Italy*, 461 F. Supp. 2d 100, 102 (W.D.N.Y. 2006) (holding that defendants were not entitled to a fee award under Section 1988 because the "finding that the matter was not ripe for review meant that the Court lacked subject matter jurisdiction"); *Owoyemi ex rel. PDP-USA Chapter Exec. Members v. Wariboko*, No. 05-CV-1789, 2005 WL 1241133, at *3 (E.D.N.Y. May 23, 2005) (holding that because the "complaint [was] dismissed for lack of subject matter jurisdiction . . . defendants' application for attorneys['] fees [was] denied"); *Correspondent Servs. Corp. v. JVW Inv., Ltd.*, No. 99-CV-8934, 2004 WL 2181087, at *14–16 (S.D.N.Y. Sept. 29, 2004) ("The prevailing rule in the federal courts is that dismissal of a case for want of jurisdiction deprives a court of the power to assess costs."), *aff'd sub nom. Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767 (2d Cir. 2006).[2] To put the principle simply: "fee shifting provisions cannot themselves confer subject matter jurisdiction" where none exists. *See W.G.*, 18 F.3d at 64.

Those cases all look a fair bit like this one. In *W.G.*, "the district court had previously dismissed the complaint for lack of subject matter jurisdiction, but the parties settled while an

---

[2] The Court notes that under its equitable powers, a court can award fees even if it lacks subject matter jurisdiction. *See, e.g.*, *Castillo Grand, LLC*, 719 F.3d at 124 ("Even if statutory authorization for attorney[s'] fees is lacking, a district court may award attorney[s'] fees under one of the common law exceptions to the 'American Rule.' Because the common law power to award attorney[s'] fees derives from the court's equitable powers and is unrelated to the merits of an action, a court may still award fees even though it lacks subject matter jurisdiction.").

6

appeal of that dismissal was pending, thus prompting the [plaintiff's] fee application." *Id.* at 61. Although *W.G.* recognized that certain statutes, like 28 U.S.C. § 1919, expressly authorize courts to order payment of costs or fees upon dismissal for lack of subject matter jurisdiction, it found that those exceptions did not apply to an application under 20 U.S.C. § 1415(e)(4)(B). *Id.* at 64–65 & n.1. That provision, like Section 1988, limited "judicial discretion to award attorney[s'] fees to 'any action or proceeding'" brought under a particular substantive statute. *See id.*³ And because the district court lacked jurisdiction to consider the underlying substantive claims, it lacked jurisdiction to award fees. *Id.* at 64–65. Similarly, in *McGinty v. New York*, 251 F.3d 84, 100 (2d Cir. 2001), the Second Circuit held that because "each defendant successfully assert[ed] sovereign immunity," the district court lacked jurisdiction, and "[i]t therefore follow[ed] that . . . , [it] also lack[ed] jurisdiction to award attorney[s'] fees." *Id.* (citing *W.G.*, 18 F.3d at 64).

A related line of Section 1988 precedent reinforces this logic. Both the Supreme Court and the Second Circuit have held that Section 1988 alone does not confer jurisdiction on federal courts; it must be used in tandem with one of the statutes providing a cause of action to a litigant. *See Moor v. County of Alameda*, 411 U.S. 693, 702 (1973) ("[S]ection [1988] is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights."); *Annunziato v. The Gan, Inc.*, 744 F.2d 244, 251 (2d Cir. 1984) ("[Section] 1988 does not create an independent federal cause of action and is merely intended to complement the various acts which do create federal causes of action for the violation of federal civil rights."); *Country Estates @ Ridge LLC v. Town of Brookhaven*, 452 F. Supp. 2d 142, 157–58 (S.D.N.Y.

---

³ *W.G.* also recognized that 28 U.S.C. § 1447(c) allows courts to "require payment of just costs and any actual expenses, including attorney[s'] fees" when remanding a removed case for lack of subject matter jurisdiction. *See W.G.*, 18 F.3d at 64 n.1. Additionally, Federal Rule of Civil Procedure 11 authorizes sanctions "upon finding an abuse of [the] judicial process, even if it is determined that the court lacks jurisdiction to proceed to the merits of the action." *Id.*

7

2006) ("Section 1988 'cannot form an independent basis for a cause of action.'" (quoting *D.A Collins Const. Co. v. ICOS/NCCA, a Joint Venture*, No. 91-CV-933, 1994 WL 328626, at *11 (N.D.N.Y. June 28, 1994) ("Anyone who troubles to read [Section 1988] must recognize it does not create any substantive rights to a cause of action, but rather deals with the procedure to be followed in civil rights actions over which jurisdiction is conferred by other statutory provisions."))).  These cases underscore the need for jurisdiction over the substantive claim giving rise to a Section 1988 application.

Defendants point to two Second Circuit cases that they believe displace this rule.  But the Court disagrees.  They first cite to the concurrence in *In re Zyprexa Products Liability Litigation*, 594 F.3d 113, 127 (2d Cir. 2010) (per curiam), which stated, in dicta, that "attorney[s'] fees, which are collateral matters over which a court retains jurisdiction even if it ultimately is determined to lack subject matter jurisdiction."  (Defs.' Reply 2 (quoting *In re Zyprexa*, 594 F.3d at 127 (Kaplan, D.J., concurring)).)  In support of that proposition, the concurrence cited to out of circuit precedent.  *See Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 2003) ("It is clear that an award of attorney[s'] fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits."); *In re Nineteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 982 F.2d 603, 610 (1st Cir. 1992) ("[A]n order which definitively resolves claims for attorney[s'] fees and expenses payable out of a common fund is severable from the decision on the merits."); *Overseas Dev. Disc Corp. v. Sangamo Constr. Co.*, 840 F.2d 1319, 1324 (7th Cir. 1988) (declaring it to be "settled that a decision awarding or denying attorney[s'] fees and expenses from a common fund . . . is severable from the decision on the merits"); *Memphis Sheraton Corp. v. Kirkley*, 614 F.2d 131, 133 (6th Cir. 1980) (award of attorneys' fees from common fund "is collateral" to the

8

merits). It also cited to *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), which stated that "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction." *Id*. at 395.[4] However, in making this proclamation, *Cooter & Gell* cited 28 U.S.C. § 1919, which specifically allows for the awarding of costs when a district court dismisses a case "for want of jurisdiction." *Id*.; *see also Castillo Grand, LLC*, 719 F.3d at 123 (stating that "in the absence of statute, federal courts lack authority to assess costs when subject matter jurisdiction is lacking" and noting that "[Section] 1919 clearly modifies this rule to provide statutory authority for costs when subject matter jurisdiction is lacking"). Accordingly, the Court does not read the *Zyprexa* concurrence to displace *W.G.*'s specific Section 1988 holding. And, in any event, that concurrence is non-binding. *See Bldg. & Realty Inst. of Westchester & Putnam Cntys., Inc. v. New York*, No. 19-CV-11285, 2021 WL 4198332, at *27 (S.D.N.Y. Sept. 14, 2021) ("[A] concurrence is not binding precedent." (citing *Maryland v. Wilson*, 519 U.S. 408, 412–13 (1997) (explaining that neither "dictum" nor statements "contained in a concurrence . . . constitutes binding precedent"))).

Defendants next cite to *Tancredi v. Metropolitan Life Insurance Co*., 378 F.3d 220 (2d Cir. 2004). (Defs' Mem. 6.) But that case concerned the "substantiality doctrine" and is distinguishable from *W.G.* and related caselaw. *See Tancredi*, 378 F.3d at 224. Under the substantiality doctrine, "federal courts are without power to entertain claims *otherwise within their jurisdiction* if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Id*. (emphasis added) (quotation marks omitted) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536 (1974)). The doctrine is understood to have jurisdictional implications on the theory that a claim

---

[4] *Cooter & Gell* is considered in greater detail *infra* § II.C.

9

can be so meritless, it does not present a federal "question" for a court to consider. *See id*. at 224–25; *see also Adams v. Suozzi*, 433 F.3d 220, 225 (2d Cir. 2005) (explaining that a claim is insubstantial if "prior decisions inescapably render the claim[] frivolous" (citation omitted)). As "a statement of jurisdictional principles," however, the doctrine "has been questioned" and "characterized as more ancient than analytically sound." *Hagans*, 415 U.S. at 538 (quotation marks and citations omitted); *see also Rosado v. Wyman*, 397 U.S. 397, 404 (1970) (same). Regardless, *Tancredi* does not go as far as Defendants would like. In that case the district court dismissed "for failure to state a claim." *Tancredi*, 378 F.3d at 222. Plaintiffs, in opposing a later fee application, invoked the substantiality doctrine for the first time, arguing that their claim not only failed but was so frivolous as to deprive the court of jurisdiction over the fee motion. *Id*. at 225. The Second Circuit's holding rejected that gambit but did not pass on dismissals for lack of subject matter jurisdiction more broadly. *See id*.

B. *CRST* and Related Precedent

The Supreme Court's decision in *CRST Van Expedited, Inc. v. E.E.O.C*., 578 U.S. 419 (2016), did not alter this authority. (*See* Defs' Reply 1–2.) *CRST* held that a statutory provision allowing district courts to award attorneys' fees to "the prevailing party" in employment discrimination actions under Title VII of the Civil Rights Act of 1964 did not require a favorable ruling on the merits. *Id*. at 421. In a gender discrimination suit against a trucking company, the district court had "barred the Commission from seeking relief . . . on the ground that the Commission had not satisfied its [Section] 706 presuit requirements before filing the lawsuit[,]" namely "the Commission 'wholly abandoned its statutory duties' to investigate and conciliate." *CRST*, 578 U.S. at 426–27 (citation omitted). The district court held that the defendant was the "prevailing party" and awarded the defendant attorneys' fees but ultimately the Eighth Circuit reversed, holding that to qualify as a prevailing party, a merits-based disposition was necessary,

10

because "[p]roof that a plaintiff's case is frivolous, unreasonable, or groundless is not possible without a judicial determination of the plaintiff's case on the merits." *Id*. at 428–30 (alteration in original) (citation and quotation marks omitted). The Eighth Circuit "distinguished 'claim elements,' on the one hand, from 'jurisdictional prerequisites or nonjurisdictional prerequisites to filing suit,' on the other[,]" and accordingly held that "if the defendant secured a 'dismissal for lack of subject matter jurisdiction, on res judicata grounds, . . . [or] on statute-of-limitations grounds,'" such a non-merits ruling did not entitle a party to attorneys' fees. *Id*. at 430 (citation and quotation marks omitted). Because "Title VII's presuit requirements are not elements of a Title VII claim" but instead were "a nonjurisdictional precondition to filing suit," defendants did not prevail and were not entitled to attorneys' fees. *Id*.; *E.E.O.C. v. CRST Van Expedited, Inc*., 774 F.3d 1169, 1181 (8th Cir. 2014), *vacated and remanded*, 578 U.S. 419 (2016). The Supreme Court reversed, holding that:

> Common sense undermines the notion that a defendant cannot "prevail" unless the relevant disposition is on the merits. . . . There is no indication that Congress intended that defendants should be eligible to recover attorney[s'] fees only when courts dispose of claims on the merits. The congressional policy regarding the exercise of district court discretion in the ultimate decision whether to award fees does not distinguish between merits-based and non-merits-based judgments. Rather, as the Court explained in *Christiansburg Garment Co. v. EEOC*, one purpose of the fee-shifting provision is "to deter the bringing of lawsuits without foundation." 434 U.S.[ 412, 420 (1978)] (internal quotation marks omitted); *see also Fox* [*v. Vice*], 563 U.S.[ 826, 836 (2011)] (noting, in the context of 42 U.S.C. § 1988's closely related provision, that Congress wanted "to relieve defendants of the burdens associated with fending off frivolous litigation"). The Court, therefore, has interpreted the statute to allow prevailing defendants to recover whenever the plaintiff's "claim was frivolous, unreasonable, or groundless." *Christiansburg*, [434 U.S.] at 422. It would make little sense if Congress' policy of "sparing defendants from the costs of *frivolous* litigation," *Fox*, [563 U.S.] at 840, depended on the distinction between merits-based and non-merits-based frivolity. Congress must have intended that a defendant could recover fees expended in frivolous, unreasonable, or groundless litigation when the case is resolved in the defendant's favor, whether on the merits or not. Imposing an on-the-merits requirement for a defendant to obtain prevailing party status would undermine that congressional

11

>policy by blocking a whole category of defendants for whom Congress wished to make fee awards available.

*Id*. at 431–32. The Supreme Court did not specifically address dismissals for lack of subject matter jurisdiction. *See generally id*. And it is not immediately clear that "non-merits-based" judgments necessarily include jurisdictional ones.

Like Defendants, this Court is "unable to locate a case directly on point in this Circuit explaining the effect of *CRST* on th[e] [Second Circuit's] precedent regarding awarding fees post-dismissal for lack of subject matter jurisdiction." (Defs' Mem. 6.) Defendants argue that the "Supreme Court's logic, albeit in relation to [T]itle VII, that Congress . . . must have intended that a defendant could recover fees expended in frivolous, unreasonable, or groundless litigation when the case is resolved in the defendant's favor, whether on the merits or not would ring hollow but for an award of attorney[s'] fees in this action." (Defs' Mem. 7 (internal quotation marks omitted).) The Court disagrees.

To start, while *CRST* addressed the question of whether a party can "prevail" on a non-merits determination, it did not specifically address whether a court maintains jurisdiction over an attorneys' fees application when the underlying claim has been dismissed for lack of subject matter jurisdiction. First, the Eighth Circuit had determined that the presuit requirement the EEOC failed to fulfill was "a nonjurisdictional precondition to filing suit," a finding the Supreme Court did not analyze or disturb, meaning the court's subject matter jurisdiction over the underlying claim was not at issue. Second, as Plaintiffs point out, Title VII's attorneys' fee provision, "Section 2000e-5(k)[,] references 'proceedings' as well as 'actions,' and in analyzing the statute, the Supreme Court has noted that it 'leave[s] little doubt that fee awards are authorized for legal work done in proceedings other than court actions,' including 'expenses incurred for administrative proceedings.'" *Krause v. Kelahan*, No. 17-CV-1045, 2022 WL

12

306365, at *2 (N.D.N.Y. Feb. 2, 2022) (quoting *N.Y. Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 61 (1980) (concluding that Title VII prevailing party was entitled to attorneys' fees for private counsel's services in employee-initiated NYSDHR proceedings)). In other words, Title VII is understood to authorize fees for proceedings where a court never had jurisdiction, unlike Section 1988 which only authorizes fees "in an action to enforce the listed civil rights laws." *See N.C. Dep't of Transp. v. Crest St. Council*, 479 U.S. 6, 12 (1986).[5] Accordingly, this Supreme Court precedent does not clearly conflict with the Second Circuit's holding in *W.G.*

The logic of *CRST* also does not dictate a result here. Although the Supreme Court held that there is no "on-the-merits" requirement for "prevailing party" status, it did not hold that fee shifting is appropriate *any* time a case is dismissed on non-merits grounds. *See CRST*, 578 U.S. at 431. *CRST* considered one of the many *non*jurisdictional "claim-processing" rules which routinely operate to bar suits. *See id.* at 429 (noting that the ground for dismissal was "not a jurisdictional prerequisite"); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011) (same); *Fort Bend County v. Davis*, 587 U.S. 541, 549–50 (2019) (cataloguing the "array of [nonjurisdictional] mandatory claim-processing rules and other preconditions to relief"); *United States v. Wong*, 575 U.S. 402, 410 (2015) (noting that "most [statutory] time bars are nonjurisdictional"); *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 154–55 (2013) (same). Such jurisdictional labels, which render rules "unique in our adversarial system," *see*

---

[5] There is a limited exception to this rule not relevant here. Even though an administrative proceeding is not "a proceeding to enforce one of the [Section] 1988 civil rights laws," "[a] discrete portion of the work product from [prior] administrative proceedings that was both useful and of a type ordinarily necessary to secure the final result obtained from the litigation can be part of the attorney[s'] fees awarded under [Section] 1988." *Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Comm'n*, 934 F.3d 238, 244 (2d Cir. 2019) (quotation marks omitted); *see also Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 581 (2d Cir. 2003) (same).

13

*Sebelius*, 568 U.S. at 153, are not readily lumped together with other non-merits grounds. Unlike those other (waivable) defects, jurisdictional defects remove a court's "power to hear a case" and may be raised at any time. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Given those differences, the Supreme Court would likely have made clear if *CRST*—which again considered a non-jurisdictional dismissal—extended to cases like this one. While the consequences of jurisdictional rules may be unfair, or make for bad policy, as Defendants urge, (*see* Defs' Mem. 2–3), the Court must honor its "obligation to ensure that [it] do[es] not exceed the scope of [its] jurisdiction" absent clear guidance to the contrary. *See Henderson*, 562 U.S. at 434 (noting that "[j]urisdictional rules may [] result in the waste of judicial resources and may unfairly prejudice litigants"); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 418 (2023) (same).

  C. <u>Caselaw on Voluntary Dismissals</u>

  Defendants also cite to the Supreme Court's decision in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), and the Second Circuit's decision in *Valley Disposal, Inc. v. Central Vermont Solid Waste Management District*, 71 F.3d 1053, 1055 (2d Cir. 1995), in support of their assertion that the Court has subject matter jurisdiction to award attorneys' fees. (Defs' Reply 2–4.) In *Cooter & Gell*, the plaintiff voluntarily dismissed pursuant to Rule 41(a)(1)(i) and the district court later awarded attorneys' fees to the defendant pursuant to Rule 11. *Id*. at 389–90. The Supreme Court eventually affirmed, explicitly rejecting the Second Circuit's position that "a voluntary dismissal acts as a jurisdictional bar to further Rule 11 proceedings." 496 U.S. at 394–95. The Court held instead that:

> [A] federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction. *See* 28 U.S.C. § 1919. This Court has indicated that motions for costs or attorney[s'] fees are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." *Sprague v. Ticonic* [*Nat'l*] *Bank*, 307 U.S. 161, 170 (1939). Thus, even "years after

14

the entry of a judgment on the merits" a federal court could consider an award of counsel fees. *White v. [N.H. Dep't]of Emp[.] Sec[.]*, 455 U.S. 445, 451, n.13 (1982). *Id*. at 395–96. Relying on *Cooter*, the Second Circuit in *Valley Disposal, Inc.* determined that a "district court had subject matter jurisdiction to entertain [a] motion for attorneys' fees pursuant to 42 U.S.C. § 1988 even after" "dismissal of a suit as a result of an agreement among the parties." *Valley Disposal, Inc.*, 71 F.3d at 1054, 1060.

At first blush, *Valley Disposal, Inc*. appears to conflict with *W.G.* A voluntary dismissal "vitiates and annuls all prior proceedings and orders in the case[] and terminates jurisdiction over it for the reason that the case has become moot." *Honig v. Cohen*, No. 23-CV-10243, 2024 WL 343028, at *3 (S.D.N.Y. Jan. 30, 2024) (quoting *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc*., 775 F.3d 128, 134 (2d Cir. 2014)); *see also Alix v. McKinsey & Co.*, 470 F. Supp. 3d 310, 317 (S.D.N.Y. 2020) ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) . . . immediately strips the district court of jurisdiction over the merits." (citation omitted)). Therefore, *Valley Disposal, Inc*. appears to identify a situation where a court can shift fees under Section 1988 even where it lacks jurisdiction.

For two reasons, however, the Court does not understand *Valley Disposal Inc*. to have overruled *W.G.*—in fact, it made no mention of the case—or to have undermined the no-jurisdiction-no-fees principle more broadly.

First, the Second Circuit has reaffirmed *W.G.* twice since *Valley Disposal, Inc.* was decided. In 2001, *McGinty* cited *W.G.* favorably for the proposition that "where we lack subject matter jurisdiction, we also lack jurisdiction to award attorney[s'] fees." 251 F.3d at 100 (citing *W.G.*, 18 F.3d at 64). *McGinty* involved a dismissal on sovereign immunity grounds, which, like the standing challenge here, operated to strip the court of subject matter jurisdiction. *Id*. Additionally, in *Castillo Grand, LLC*, the Second Circuit, citing *W.G.*, recognized the "rule" that

"in the absence of statute, federal courts lack authority to assess costs when subject matter jurisdiction is lacking." 719 F.3d at 123. It noted that 28 U.S.C. § 1919 fashioned an exception to that rule because it expressly provided for "just costs" in the event "any action or suit is dismissed . . . for want of jurisdiction." *Id*. Accordingly, *W.G.* still appears to be good law.

Second, while *Valley Disposal Inc*. is not explicit in this respect, other cases indicate that its holding is limited to voluntary dismissals and similar mootness-based jurisdictional defects. Several contemporaneous cases single out "[a] determination of mootness" and explain that it "neither precludes nor is precluded by an award of attorneys' fees" under Section 1988. *Haley v. Pataki*, 106 F.3d 478, 483–84 (2d Cir. 1997) (alteration in original) (quoting *LaRouche v. Kezer*, 20 F.3d 68, 75 (2d Cir. 1994)); *see also Associated Gen. Contractors of Conn., Inc. v. City of New Haven*, 41 F.3d 62, 68 (2d Cir. 1994) (remanding and directing a district court to determine whether a party was entitled to fees under Section 1988(b) where the "case was moot[ed]" in the course of litigation); *cf. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 601–02 (2001) (considering a fee application where the district court dismissed the underlying action as moot). Although *Valley Disposal Inc*. does not mention the term, mootness played a key role in that case. Recall that the reason a voluntary dismissal operates to "terminat[e] jurisdiction" is because "the case has become moot." *U.S. D.I.D. Corp*., 775 F.3d at 134 (quoting *Oneida Indian Nation of N.Y. State v. Oneida County*, 622 F.2d 624, 629 n.7 (2d Cir. 1980)); *see also LeFevre v. Fishers Island Ferry Dist*., No. 17-CV-1065, 2018 WL 3025039, at *3 (D. Conn. June 18, 2018) (collecting cases). That factual setting and related caselaw suggest that *Valley Disposal Inc*. applied what other courts have recognized expressly: an exception to the no-jurisdiction no-fees principle for mootness-based dismissals. The Court is not aware of cases that extend *Valley Disposal Inc.* beyond the voluntary dismissal context, *see*

16

*Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999) (characterizing *Valley Disposal, Inc*. as "addressing [a] motion for attorney[s'] fees after voluntary dismissal of [the] underlying case"), and as indicated above, the Second Circuit still applies *W.G.* in other fact settings.

Moreover, a recent case in this District adopted the same understanding that the Court does here. In *Juca v. Carranza*, No. 19-CV-9427, 2020 WL 6291477 (S.D.N.Y. Oct. 26, 2020), the court reaffirmed that the "Second Circuit has stated broadly that courts lack jurisdiction to award attorney[s'] fees where they lack subject matter jurisdiction over the underlying claim" while noting that the Second Circuit has made exception for determinations of mootness during the course of litigation which do not preclude the awarding of attorneys' fees. *Id*. at *4 (citing *Castillo Grand, LLC*, 719 F.3d at 123; *McGinty*, 251 F.3d at 100; *W.G.*, 18 F.3d at 64.). Accordingly, the court held that "[b]ecause [the p]laintiffs' claim was mooted *during the course of* litigation, the [c]ourt may award fees and costs if [the p]laintiffs are 'prevailing parties.'" *Id*. (emphasis added).[6] This Court reads the caselaw the same way and finds that *Valley Disposal Inc*. does not apply beyond the voluntary dismissal context.[7]

---

[6] This Court notes that the *Juca* court cited to *Tancredi* and did not hold that it overturned Second Circuit precedent that courts lack jurisdiction to award attorneys' fees where they lack subject matter jurisdiction over the underlying claim. *See Juca*, 2020 WL 6291477 at *4.

[7] Defendant additionally points to *Neroni v. Becker*, 609 F. App'x 690 (2d Cir. 2015) (summary order), which noted that "there is no merit to the [] assertion that fees were not appropriate because the case was not decided on the merits" because "[d]istrict courts may award costs after an action is dismissed for want of jurisdiction." *Id*. at 692 (citing *Cooter & Gell*, 496 U.S. at 395; *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc*., 705 F.3d 1223, 1236 (10th Cir. 2013) ("[A] district court may still award attorney[s'] fees after dismissing the underlying action for lack of subject-matter jurisdiction.")). However, as this decision is non-precedential, this Court cannot rely on it to determine that *W.G.* is no longer good law. *See Fossil Grp., Inc. v. Angel Seller LLC*, No. 20-CV-2441, 2022 WL 3655177, at *2 (E.D.N.Y. Aug. 25, 2022) ("[A] summary order . . . does not have precedential effect."); *see also Hoefer v. Bd. of Educ. of the*

\*   \*   \*

As Defendants have failed to show that *W.G.* and *McGinty* have been overruled by *CRST* or any other decision on this jurisdictional point, the Court holds that it does not have subject matter jurisdiction to grant attorneys' fees under Section 1988.

### III.  Conclusion

For the aforementioned reasons, Defendants' Motion is denied.  The Clerk of Court is respectfully directed to terminate the pending motion.  (Dkt. No. 90.)

SO ORDERED.

Dated:   September 23, 2024
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

---

*Enlarged City Sch. Dist.*, 820 F.3d 58, 65 (2d Cir. 2016) (rejecting reliance on an unpublished summary order because "an unpublished summary order[] is not precedential").